OPINION OF THE COURT
Alexander Chananau, J.
Motion by defendants Doherty and Gelco Corporation, pursuant to CPLR 4533-b and section 15-108 of the General Obligations Law and cross motion for same relief by defendants Patricia and Assaunta Delgado, to reduce a jury verdict of $775,000 against said defendants by $150,000 (the amount of a settlement agreed upon between other codefendants [McKay and Gannon] and plaintiff prior to the verdict), are consolidated for disposition and disposed of as follows.
In this personal injury action tried before me, plaintiff suffered injuries as a result of an automobile accident. Plaintiff had been a passenger in an automobile operated by defendant Doherty and owned by defendant Gelco Corporation. When the automobile became stuck in snow at the side of the road, plaintiff exited the vehicle and attempted to push it back onto the road. Subsequently, a vehicle operated by defendant Patricia Delgado and owned by defendant Assunta Delgado, struck the rear of the Doherty/Gelco vehicle while plaintiff was still behind same, causing injury to plaintiffs left leg. Shortly thereafter, an automobile operated by defendant Ehner stopped partially in the roadway behind the Delgado vehicle. The Ehner vehicle was then struck by an automobile driven by defendant McKay and owned by defendant Gannon allegedly causing the Ehner vehicle to strike the Delgado vehicle which, in turn, allegedly struck the plaintiff again. The plaintiff claimed that his injuries, resulting in amputation of his left leg below the knee were caused by a combination of both impacts and his medical expert so testified. Ehner’s medical expert, on the other hand, testified that such injuries could only have been sustained in the first impact by the Delgado car.
During the trial, defendants Gannon and McKay settled with plaintiff for the full amount of their insurance policies in the respective amounts of $50,000 and $100,000. Stipulations of discontinuance and general releases were given in exchange for this settlement agreement. Counsel for the settling tortfeasors then withdrew from active participation in the trial. *1051 No mention was made to the jury of the reason for the subsequent lack of participation by counsel for the settling defendants and the jury was instructed not to draw any inferences or presumptions from their absences and that they were to consider such defendants as still in the case and that they were to determine the liability, if any, of said defendants.
The jury later exonerated defendants Ehner, McKay and Gannon. However, the jury returned a verdict against defendant Doherty, Gelco Corporation, and the Delgados in the amount of $775,000. The jury apportioned 65% of said liability to the Delgado vehicle and 35% to the Doherty/Gelco vehicle.
A motion was then made to reduce the verdict by the amount of the settlement ($150,000). The motion was denied by the trial court with leave to renew upon papers and memoranda of law. The motions herein are made pursuant to that leave.
Plaintiff contends that the moving defendant wrongdoers should not be regarded as joint tort-feasors in conjunction with the exonerated defendants in that the acts of the settling defendants were successive and independent.
Plaintiff further claims that in order for movants to be entitled to offset the amount of the settlement against the verdict, there must be a finding that the settling defendants were in some manner negligent. Otherwise, a windfall would result to the nonsettling defendants by allowing said defendants an undeserved credit on their own wrongdoing from parties who did not inflict any wrong.
The relevant statutory provisions relied upon by defendants are CPLR 4533-b and subdivision (a) of section 15-108 of the General Obligations Law.
CPLR 4533-b provides that: "In an action for personal injury, injury to property or for wrongful death, any proof as to payment by or settlement with another joint tort-feasor, or one claimed to be a joint tort-feasor, offered by a defendant in mitigation of damages, shall be taken out of the hearing of the jury. The court shall deduct the proper amount, as determined pursuant to section 15-108 of the general obligations law, from the award made by the jury” (emphasis added).
Subdivision (a) of section 15-108 of the General Obligations Law states, in part, that: "When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same *1052 injury, of the same wrongful death * * * it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it or in the amount of the released tortfeasor’s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest” (emphasis added).
As to plaintiffs first argument above, even assuming arguendo that defendants McKay and Gannon were successive rather than joint tort-feasors for purpose of the afore-mentioned statutes, CPLR 4533-b must be construed to apply to both such tort-feasors since "the ill intended to be remedied by the statute [regarding prior payments] has identical effects upon joint and successive tortfeasors” (Abernethy v Azzoni, 78 Misc 2d 832, 834).
Concerning plaintiffs second argument, New York case law as well as the commentators have tended to allow, in similar circumstances, reduction of the damages to be paid by defendant wrongdoers rather than permit an apparent form of double recovery by plaintiff.
Accordingly, in Werner v Our Lady of Lourdes (60 AD2d 791), plaintiff was injured by another student who, during a break in gym class, struck plaintiff with a street-hockey stick. The student who allegedly committed the tortious act and the school in which the act took place were defendants. While the jury was deliberating, plaintiff settled his claims against defendant student for $2,000.
Subsequently the jury determined that no cause of action lay against defendant student, but returned a verdict against defendant school on plaintiffs personal injury claim for $3,-000. The Supreme Court reduced the judgment against the school by the amount paid by the student in settlement of plaintiffs claims.
In affirming the lower court’s order, the Appellate Division, Fourth Department, held that it was proper to reduce the amount of the judgment against the defendant school by the amount of the settlement paid by the exonerated student, pursuant to subdivision (a) of section 15-108 of the General Obligations Law.
A hypothetical example offered by Professor McLaughlin in Practice Commentary (McKinney’s Cons Laws of NY, Book 23A, General Obligations Law, p 718-719) is in accord with the holding in Werner (supra).
*1053 In summary, "[i]f it is determined that the settlor was not subject to liability, that his equitable share of the damages was zero and that the payments made in settlement were made as a pure volunteer, the amount stipulated in the release or the amount paid for the release will nonetheless be deducted from the verdict rendered against the actual wrongdoers” (2A Weinstein-Korn-Miller, NY Civ Prac, par 1401.21, n 170).
In the instant case, prior to the time of settlement, defendants McKay and Gannon (the respective operator and owner of the third vehicle involved in the accident) were clearly persons "claimed to be liable in tort for the same injury” allegedly caused by the nonsettling defendants, pursuant to subdivision (a) of section 15-108 of the General Obligations Law.
Thus, in response to plaintiff's argument that defendants McKay and Gannon were not joint tort-feasors, the question of common liability of joint tort-feasors for purposes of subdivision (a) of section 15-108 of the General Obligations Law and CPLR 4533-b must be determined as of the time the cause of action accrues and not at the time when the relative culpabilities of the parties are subsequently determined by a jury.
The major purposes of section 15-108 of the General Obligations Law are (1) to rekindle the incentive for settlement between plaintiffs and defendants, while at the same time (2) ensuring that the nonsettling tort-feasor not be burdened with more than his equitable share of liability because of the fact that another tort-feasor has chosen to settle (Mielcarek v Knights, 50 AD2d 122, 126; see NY Legis Doc, 1972, No. 65[k]).
By settling with plaintiff, released tort-feasors McKay and Gannon are not entitled to obtain contribution, from any person, including movants herein (General Obligations Law, § 15-108, subd [c]). By the same token, McKay and Gannon are relieved from liability to any other person, including movants herein, for contributions under CPLR article 14 (General Obligations Law, § 15-108, subd [b]). Moreover, released tortfeasors McKay and Gannon settled with plaintiff up to the limit of their insurance policies, thus, obtaining the additional benefit of avoiding the possibility of incurring personal liability beyond said policy limits which could have resulted from an unfavorable jury verdict.
Also instructive in the instant case is Bellamy v Prime (25 AD2d 923), although decided prior to the enactment of present *1054 section 15-108 of the General Obligations Law. Plaintiffs were passengers injured in an automobile accident. Plaintiffs sued the driver of the automobile in which they were passengers as well as the driver of the other automobile involved in the accident. Prior to trial, plaintiffs settled with the driver of the second car for $7,500. The jury later awarded a verdict of $10,000 in favor of plaintiffs against the driver of the automobile in which plaintiffs were passengers, exonerating the driver who settled with plaintiffs. In affirming the lower court’s reduction of the judgment by the amount of the prior settlement, the Appellate Division (Third Department) declared that the fact that the jury found the settling defendant free from culpability and that he arguably was not a joint tort-feasor was of no significance in determining the consideration to be credited to a co-obligor pursuant to section 15-103 of the General Obligations Law. Rather, the important factor was that the settling tort-feasor believed that he had an obligation at the time of settlement. Similarly in the instant case, defendants McKay and Gannon believed at the time of settlement that it was in their best interests to relieve themselves from further liability. The court in Bellamy stated (p 923) that the fact "[t]hat a jury thereafter found that he [the settling tort-feasor] was not culpable was merely a fortuitous after occurrence”.
Regarding the amount of the damages in the instant case, if the verdict was not reduced accordingly, plaintiff would be receiving an additional recovery for the injury committed by the responsibile wrongdoers (Doherty, Gelco Corporation and the Delgados) from parties (McKay and Gannon) not responsible for such wrongdoing. By not reducing said verdict, plaintiff would be receiving an impermissible double satisfaction for the same injury (Lucio v Curran, 2 NY2d 157, 162).
Rather, a successful plaintiff in a tort action is generally entitled to recover only that quantum of damages that will justly compensate him for injuries caused by a defendant. In contrast to the relationship between the compensatory damages awarded to plaintiff herein by the jury and prior settlement moneys to be paid to plaintiff, where an injured party received collateral source payments, such payments do not reduce the amount of compensatory damages recoverable in a personal injury action against a tort-feasor.
In summary, applying subdivision (a) of section 15-108 of the General Obligations Law and CPLR 4533-b to the instant case, *1055 the amount of the released tort-feasors’ (McKay and Gannon) equitable share of the damages, as determined by the jury, was zero; the amount of the released tort-feasors’ settlement was $150,000; thus plaintiffs claims against the remaining tort-feasors should be reduced by the greater of the two amounts (that is, $150,000).
In order for the nonsettling tort-feasors to benefit from the provisions of subdivision (a) of section 15-108 of the General Obligations Law and CPLR 4533-b, said sections clearly state that the settling defendants need only be "claimed to be liable in tort for the same injury” or "claimed to be a joint tortfeasor”, clearly implying that it need not be found that said settling defendants were, in fact, determined to be liable to plaintiff.
For the foregoing reasons, the motion of defendants Doherty and Gelco Corporation and the cross motion for similar relief by defendants Patricia and Assunta Delgado are granted and the jury verdict entered against the moving codefendants is modified on the law to the extent of reducing the June 1, 1979 verdict by $150,000 from $775,000 to $625,000.
Settle order providing for the clerk to reflect the amount deducted from the jury verdict on the records.