■ BETTY BONNOT, Respondent, and FRANK BONNOT, Appellant, v HARVEY FISHMAN, Appellant-Respondent, et al., Defendant. — In consolidated negligence actions to recover damages for personal injuries, etc., the cross appeals are from a judgment of the Supreme Court, Queens County (Calabretta, J.), entered February 9, 1981, which, after a jury trial, was in favor of plaintiff Betty Bonnot in the principal amount of $193,000 and against defendant Fishman, and was in favor of Fishman and against plaintiff Frank Bonnot. Judgment modified, on the law, by (1) reducing the principal sum awarded plaintiff Betty Bonnot to $148,000 and (2) deleting the second decretal paragraph thereof and substituting therefor a provision setting aside the verdict in favor of defendant Fishman and against plaintiff Frank Bonnot, severing the action as between said parties and granting a new trial as between them on Frank Bonnot's cause of action for loss of services. As so modified, judgment affirmed, without costs or disbursements, and case remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. Plaintiff Betty Bonnot alleged, in material part, that improper treatment by various defendants of a femur fracture she sustained in an automobile accident resulted in her pain and suffering, the need for corrective surgery and a permanent shortening of the leg and loss of knee flexion. Defendant Fishman did not assert a cross claim against defendant Peninsula Hospital (hereinafter hospital), which settled with the plaintiffs for $45,000 just before the trial began. After a jury trial, Betty Bonnot recovered a judgment against Dr. Fishman in the principal sum of $193,000. On appeal, plaintiffs contend Fishman failed to prove at trial what the hospital's equitable share of Betty Bonnot's damages would have been, and thus waived his right to have the jury verdict reduced by the amount of the settlement. Subdivision (a) of section 15-108 of the General Obligations Law provides that when an alleged tort-feasor is released from an action, "it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tort-feasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest." Since defendant Fishman failed to present the issue of the hospital's proportion of the negligence to the jury for its determination, there is no evidence of the hospital's "equitable share of the damages", and the judgment against Dr. Fishman may

be reduced by the amount of the settlement, in this case $45,000, but no more. We do not believe, as plaintiffs urge, that Fishman waived his right to *any* reduction by failing to present the issue of the hospital's negligence. To so hold would award plaintiffs with a windfall of $45,000 in excess of the judgment and would be contrary to the plain language of the statute. In this case, the consideration paid for the release, $45,000, is the greatest of the three items listed in subdivision (a) of section 15-108. Fishman, of course, has waived his right to prove the hospital's equitable share of the damages is greater than $45,000 (and to have the judgment against him reduced accordingly), but we see no reason to deprive him of the $45,000 reduction to which the statute entitled him and which the court is directed to deduct pursuant to CPLR 4533-b (see *Mulligan v Wetchler,* 39 AD2d 102, 105-106, app dsmd 30 NY2d 951). At the trial, the plaintiffs introduced uncontroverted evidence that, as a result of the aggravation of plaintiff Betty Bonnot's injuries, she was unable to perform many of her household chores and plaintiff Frank Bonnot was obligated to expend moneys for household help. There was also testimony of loss of consortium. Under these circumstances, the jury verdict against plaintiff Frank Bonnot on his derivative cause of action was not reached "on a fair interpretation of the evidence" (*Marshall v Mastodon, Inc.,* 51 AD2d 21, 23). He is therefore entitled to a new trial of his cause of action for loss of services. Lazer, J. P., Gibbons, O'Connor and Bracken, JJ., concur.