■ CHEN YAN KAO et al., Respondents, v C. C. WANG, Appellant, and JOHN P. ANNICELLI et al., Respondents. — In a negligence action to recover damages for injury to property, defendant Wang appeals from (1) a judgment of the Supreme Court, Westchester County (Hawkins, J.), entered October 22, 1981, which, after a jury trial, awarded damages to plaintiffs in the principal sum of $83,000; and (2) an order of the same court, dated December 1, 1981, which denied defendant Wang's motion, *inter alia,* to vacate the judgment. Judgment modified, on the law, by reducing the verdict against defendant Wang to $60,500 and by adding provisions thereto reinstating all of the cross claims, and said cross claims are severed from the action. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a new trial on the cross claims consistent herewith. Order dated December 1, 1981, modified accordingly. Appellant is awarded one bill of costs. Plaintiff Kao and defendant Wang are the owners of neighboring parcels of land located in the Town of Pound Ridge. Each plot of real estate has a pond or lake on it with a stream connecting the two bodies of water. In the summer of 1975, Wang obtained a permit for the dredging of the lake on his property. He employed defendants Annicelli and Clark to perform the engineering and contracting work, respectively. As the work progressed, significant portions of the silt being removed from Wang's lake entered the stream and settled in plaintiffs' lake. To ameliorate this condition, Wang engaged defendant Fosella, whom he had contracted to landscape his estate and to construct a home thereon, to install a filtration system for the purpose of trapping and screening sediment through the use of hay bales. In 1976, plaintiffs commenced an action in the Supreme Court, Westchester County (index No. 12306/76), against defendants Wang, Annicelli, Clark, Fosella, the Town of Pound Ridge, its water control commission and various town officials, for, *inter alia,* injunctive relief and damages emanating from the dredging operation on Wang's property. In March, 1977, plaintiffs commenced the instant action for damages against Wang, his contractors and several insurers. Wang subsequently cross-moved pursuant to CPLR 3211 (subd [a], par 4) for, *inter alia,* a dismissal of plaintiffs' 1977 action against him on the ground that it sought essentially the same relief as did the pending 1976 action. By order dated February 23, 1978 (Rubenfeld, J.), Wang's cross motion was granted "to the extent that this complaint will be dismissed as against him unless plaintiff moves, within 20 days of service of this order with notice of entry, for an order

discontinuing the action brought by plaintiff under Westchester County index No. 12306/1976, at least as against the defendant, Wong [*sic*], or for an order consolidating the two actions, and unless such relief is obtained". Plaintiffs failed to comply with the conditions set forth in the order, whereupon Wang served a "notice of dismissal", dated April 11, 1978, informing plaintiffs that their 1977 action was deemed dismissed. By letter dated April 13, 1978, plaintiffs' counsel requested a withdrawal of the notice of dismissal in exchange for a voluntary discontinuance of the 1976 action. He enclosed a stipulation of discontinuance and suggested that it be executed in order to avoid the necessity of obtaining a court order. There is no evidence whatsoever that Wang's counsel either withdrew the notice of dismissal or executed the stipulation regarding discontinuance of plaintiffs' 1976 action. Yet, Wang's pretrial application in the instant action to effectuate the conditional order of dismissal was denied on the ground that he had subsequently proceeded with disclosure and had not taken any action with respect to the conditional order. (The court's language in the order denying Wang's postjudgment motion reveals that the trial court deemed the unexecuted stipulation to discontinue the 1976 lawsuit to have constituted sufficient compliance with the February 23, 1978 order.) After a jury had been selected and prior to the commencement of trial, plaintiffs conditionally settled their claims with codefendants Clark, Fosella and Annicelli. Wang reserved his cross claims against all settling defendants. At the conclusion of trial, the jury returned a verdict finding Wang negligent and assessing damages against him in the principal amount of $83,000. The court then dismissed the cross claims against defendants Fosella and Annicelli and submitted to the jury the issue of apportioning liability between defendants Wang and Clark. The jury ultimately found Wang to be 100% liable. Notwithstanding plaintiffs' failure to comply with the literal terms of the February 23, 1978 order, we are of the view that a dismissal of the complaint in the instant action is not warranted under these circumstances. Such failure no longer precludes relief from default as a matter of law (CPLR 2005, 3012, subd [d], added L 1983, ch 318). We regard plaintiffs' "default" as excusable in view of their efforts to obtain a voluntary discontinuance of their first action and thereby obtain relief from the terms of the conditional order of dismissal within one year after service of a copy of that order (CPLR 5015, subd [a], par 1). Moreover, Wang is estopped from acting upon the conditional order of dismissal by virtue of his participation in the case *sub judice*. The record contains evidence to the effect that defendant Fosella may have failed to exercise due care in preventing siltation and that the engineering plans drawn up by defendant Annicelli, who would often personally supervise the construction, did not provide for a filtration system dam high enough to sufficiently sift silt from flowing water. The court, however, erroneously dismissed Wang's cross claims against Fosella and Annicelli without submitting the matter to the jury. Moreover, it was error for the court to have charged the jury with respect to the possibility of contractual indemnification between defendants Wang and Clark on the basis of an unsigned letter from the latter to Wang. Pursuant to section 5-701 (subd a, par 2) of the General Obligations Law, a promise to answer for the debt, default or miscarriage of another must be in writing and be subscribed by the party to be charged. Moreover, the import of Clark's unsigned letter is that Clark would not be liable for silting which occurs despite all proper precautions. The letter is silent with respect to absolving him of liability where due care is not exercised. Accordingly, it was error for the court to have refused Wang's request to charge the jury that if the letter were found to constitute a contract with Clark, it would not absolve Clark of the consequences of his own negligence. While plaintiffs were entitled to judgment in the amount of $83,000, it was error not to afford defendant

Wang a reduction of the verdict against him by the amount of the out-of-court settlements of his codefendants, to wit, $22,500 (see General Obligations Law, § 15-108; CPLR 4533-b; *Bonnot v Fishman,* 88 AD2d 650, affd 57 NY2d 870). In view of the numerous errors committed at the trial level with respect to defendant Wang's cross claims we find it necessary to remit this matter to the Supreme Court, Westchester County, for a new trial with respect to the cross claims. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.