Elaine AUDRIETH (formerly Elaine Stein), Plaintiff,

v.

PARSONS SANITARIUM, INC., d/b/a Parsons Hospital (formerly Parsons Hospital amended by Order dated April 30, 1982), and Eric G. Gesell, M.D., Defendants.

No. 81 Civ. 4848 (CMM).

United States District Court, S.D. New York.

Aug. 3, 1984.

Joseph Mandell, New York City, for plaintiff.

Lester, Schwab, Katz & Dwyer, New York City, for defendant Parsons Sanitarium, Inc.; Frederick H. Fern, New York City, of counsel.

Mendes & Mount, New York City, for defendant Eric Gesell, M.D.; Mary Ann D'Amato, New York City, of counsel.

METZNER, Senior District Judge:

The attached correspondence will be considered as an application for relief pursuant to Fed.R.Civ.P. 60(b)(6).

This case was tried to the court and jury in May 1984. On May 23, 1984, a judgment was entered on the jury's verdict for plaintiff against both defendants in the amount of $75,000. An amended judgment was entered on June 7, 1984, to correct the spelling of the name of one of the defendants. The judgment did not reflect the fact that a settlement had been agreed upon between the plaintiff and two codefendants, Drs. Rubin and Kaftan, just before the trial, for an aggregate sum of $10,000. The case was tried and submitted to the jury on the basis that the defendants on trial were liable for the full amount of the damages.

The New York General Obligations Law (McKinney 1978) provides at Section 15-108 that when a plaintiff has granted a release to persons "claimed to be liable in tort" for an injury, that release *"reduces the claim"* of the plaintiff against the nonsettling defendants "to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest." (Emphasis added.) *Cf.* N.Y.Civ.Prac.Rule 4533–b (amount appropriate "shall be deducted" from the jury award). In this case, at the time of settlement the plaintiff's claim against the nonsettling defendants was reduced by at least $10,000. Indeed, the reduction after trial might have

been even greater had the defendants sought to exercise their right at trial to establish the settling defendants' equitable shares.

New York Civ.Prac.Rule § 3018(b) (McKinney 1974) provides that a nonsettling defendant should present its claim for Section 15–108 credit as an affirmative defense at the pleading stage. In view of the liberal amendment and supplementation rules in federal court, Fed.R.Civ.P. 15, such an amendment could have been granted at the time of the announcement of the settlement. However, failure to request such an amendment does not preclude granting the relief sought in view of the policy considerations against double satisfaction of a claim. *Purcell v. Doherty,* 102 Misc.2d 1049, 424 N.Y.S.2d 991 (Sup.Ct.Bronx Co. 1980).

Defendant's failure to present evidence of the settling defendants' equitable shares did not constitute a waiver of their right to relief. It merely constituted a waiver of their right to relief based upon those equitable shares rather than upon the settlement amounts. *Bonnot v. Fishman,* 88 A.D.2d 650, 450 N.Y.S.2d 539, *aff'd,* 57 N.Y.2d 870, 456 N.Y.S.2d 47, 442 N.E.2d 445 (1982).

The amended judgment shall be amended pursuant to Fed.R.Civ.P. 60(b)(6), and the amount of recovery fixed at $65,000.

So ordered.