■ Richard Granieri, Respondent, v Ryder Truck Rental, Inc., et al., Appellants.—In an action to recover damages for personal injuries, and property damage, defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 23, 1983, which denied their motion for leave to serve an amended answer interposing as an affirmative defense a setoff or reduction in damages based on a settlement between plaintiff and the defendants in a companion personal injury action, pursuant to General Obligations Law § 15-108.

Order reversed, without costs or disbursements, and motion granted. The time of the defendants to serve their amended answer is extended until 10 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Although approximately 7 1/2 years had elapsed since joinder of issue, the case was still in the pretrial discovery stage when defendants' recently substituted attorney moved for leave to amend their answer to plead, as an affirmative defense, a setoff or reduction in damages pursuant to General Obligations Law § 15-108. The affirmative defense sought to be asserted is based on a stipulation of settlement and release executed between plaintiff and Barbara Kullak and Arcolino Cuomo, the defendants in a companion personal injury action arising from the same motor vehicle accident which underlies the present action. The release was executed approximately five months after the defendants served their original answer

in this action. Plaintiff, having full knowledge of the release, cannot successfully claim surprise or prejudice (*Bronson v Potsdam Urban Renewal Agency*, 74 AD2d 967, 968). Further, the mere lapse of time, without proof of some consequential prejudice, is an insufficient ground for denial of the motion (*Kalish v Manhasset Med. Center Hosp.*, 100 AD2d 507; *Haven Assoc. v Donro Realty Corp.*, 96 AD2d 526; *Eng v Di Carlo*, 79 AD2d 1018). Consequently, it was an abuse of discretion to deny leave to amend the answer (*see, Karras v County of Westchester*, 71 AD2d 878; *cf. Goldstein v Brogan Cadillac Oldsmobile Corp.*, 90 AD2d 512). Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.