■ John Sass et al., Appellants, v Mack Trucks, Inc., Respondent, et al., Defendant. (And a Third-Party Action.)—

Plaintiff's injuries allegedly resulted from the failure of defective brakes in a truck he was driving, which was manufactured by Mack Trucks, Inc. and owned by Chemical Leaman Tank Lines, Inc. As a result of a proceeding for preaction disclosure brought by plaintiff, an order directing the preservation of the vehicle and allowing access thereto on the premises of third-party defendant AMR Electro Conduits, Inc. was entered on or about January 15, 1982, in Supreme Court, New York County. Due to delays in the conduct of discovery occasioned by both parties, the matter was marked off the calendar by order entered September 2, 1987. After further discovery, plaintiffs moved to restore the action to the calendar and defendant Mack Trucks cross-moved, *inter alia,* for leave to amend its answer to assert the seat belt defense. The cross motion, insofar as it sought leave to amend, was based on Mack Trucks' belated discovery of a photograph of the vehicle depicting the existence of a seat belt, which flatly contradicted the injured plaintiff's EBT testimony that there were no seat belts in the vehicle.

Leave to amend a pleading can be sought at any time and should be freely given upon just terms (CPLR 3025 [b]). The decision to grant leave to amend a pleading is within the sound discretion of the trial court *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Mere lateness is not a barrier to amendment; however, lateness coupled with significant prejudice to the party opposing the amendment is necessary *(supra).*

Both parties herein are responsible for the delay in bringing the action to trial. Moreover, both had equal opportunity to inspect the vehicle and should have discovered the presence of the seat belt at an earlier date. The prejudice to each party by a decision adverse to its position is self-evident. However, since defendant bears the burden of proving the defense, i.e., that plaintiff John Sass's crippling injuries would have been prevented by his use of a seat belt *(see, Baginski v New York Tel. Co.,* 130 AD2d 362, 365), to permit the amendment containing this partial defense was not an abuse of discretion. Concur—Kupferman, J. P., Asch, Wallach and Rubin, JJ.