■ Lilyan Barbour et al., Respondents, v Hospital for Special Surgery et al., Defendants, and Peter J. Marchisello, Appellant.—Order of the Supreme Court, New York County (Michael J. Dontzin, J.), entered on March 6, 1989, which, *inter alia,* denied the motion of defendant Peter J. Marchisello, M.D. to amend his answer to include the affirmative defense of the Statute of Limitations and to dismiss the action against him on the ground of such defense, is unanimously modified on the law to the extent of granting his motion to amend his answer to add the Statute of Limitations defense and otherwise affirmed, without costs or disbursements.

This malpractice action seeks damages for personal injuries purportedly inflicted upon plaintiff Lilyan Barbour by the various hospital and physician defendants. Her husband, plaintiff Edward Barbour, has sued for loss of services and expenses. In September of 1975, she consulted defendant-appellant Dr. Peter J. Marchisello in his capacity as Director of the Back Clinic at defendant Hospital for Special Surgery. That same month, she underwent surgery which was performed by another doctor. Thereafter, in July of 1978, she returned to the Back Clinic and was attended by a physician who conferred with Dr. Marchisello. It is not entirely clear as to whether he actually saw her on this second visit. The complaint itself asserts that plaintiff remained under Dr. Marchisello's care and treatment through April of 1979, but defendant, in his deposition, testified that she was readmitted on August 14, 1978. In any event, the instant matter was instituted on or about February 11, 1981 by the service of a summons. The verified complaint was served on or about July 7, 1981, and defendant interposed an answer on or about July 22, 1981 wherein he denied plaintiff's allegations and claimed contributory negligence. In her subsequent bill of particulars, plaintiff stated, in part, that she was " 'confined' " in the Hospital for Special Surgery from September 16, 1975 to October 9, 1975 and from August 14 to August 26, 1978 and at defendant New York Hospital from February 22, 1979 to March 29, 1979.

Approximately seven years after the commencement of this lawsuit, Dr. Marchisello moved to amend his answer to include the defense of the Statute of Limitations and joined the cross motion by defendant Hospital for Special Surgery to dismiss the action against him on that ground. The Supreme Court, while granting the cross motion of the Hospital for Special Surgery to dismiss the complaint as not being within

the period of limitations, declined similarly to dismiss the complaint against Dr. Marchisello. In the view of the court, Dr. Marchisello's lengthy delay in raising the defense amounted to a waiver. However, the law is established that leave to amend pleadings should be freely allowed (CPLR 3025 [b]) except where the proposed defense clearly lacks merit *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166; *Herrick v Second Cuthouse,* 64 NY2d 692) or there is prejudice or surprise resulting directly from the delay *(Fahey v County of Ontario,* 44 NY2d 934; *see also, Herrick v Second Cuthouse, supra; McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Indeed, the Court of Appeals has held that permission to amend pleadings should be granted even in midtrial in the absence of operative prejudice *(Shine v Duncan Petroleum Transp.,* 60 NY2d 22, 27). In *Edenwald Contr. Co. v City of New York* (60 NY2d 957), the Court of Appeals, in rejecting a 6½-year delay from the commencement of the action therein as laches, stated that lateness alone is not a barrier to the amendment of pleadings since there must be significant prejudice as well *(see also, Sass v Mack Trucks,* 158 AD2d 332; *Granieri v Ryder Truck Rental,* 112 AD2d 189 [which authorized the addition of a defense some 7½ years after the joinder of issue]).

As this court has explained, by prejudice is meant " ' "some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add." ' " *(Armstrong v Peat, Marwick, Mitchell & Co.,* 150 AD2d 189, 190, quoting *Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656, quoting Siegel, NY Prac § 237, at 289; *see also, Murray v City of New York,* 43 NY2d 400; *Sassone v Town of Queensbury,* 157 AD2d 891, 892; *Wyso v City of New York,* 91 AD2d 661, 662.) Applying that standard, it is evident that plaintiffs have not demonstrated any prejudice specifically caused by the failure of Dr. Marchisello to plead the Statute of Limitations in his original answer. Moreover, plaintiffs can hardly claim that they were surprised by the existence of such a defense which, in any event, was interposed by the Hospital for Special Surgery at the very beginning of this litigation. In fact, plaintiffs' reliance upon the theory of continuous medical treatment as a means of tolling the applicable Statute of Limitations indicates knowledge of the limitations issue. Finally, the defense plainly has substance under the circumstances prevailing herein. Accordingly, defendant is entitled to amend his answer to

include the Statute of Limitations as a defense. However, since it cannot be found as a matter of law from the facts contained in the record before us that there was no continuous treatment by Dr. Marchisello, his motion to dismiss the complaint against him is remanded for further consideration by the Supreme Court. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.