■ JOHN P. WARD, Respondent, v CITY OF SCHENECTADY, Appellant. [611 NYS2d 932] —Weiss, J. Appeals (1) from a judgment of the Supreme Court (Doran, J.), entered December 23, 1992 in Schenectady County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered February 9, 1993 in Schenectady County, which, *inter alia,* denied defendant's motion to vacate the judgment and for a new trial.

Plaintiff, a tow truck operator, was injured on November 15, 1989 when struck by two automobiles while he was removing a disabled vehicle from Interstate Route 90 in Schenectady County. He commenced a negligence action against the owners and operators of the vehicles which struck him and a second separate personal injury action against defendant alleging that defendant's police were negligent in failing to properly protect him from oncoming traffic. Although the two actions were never formally consolidated by an order, discovery was conducted under a consolidated case caption as was the note of issue filed in the instant case. Plaintiff settled the companion lawsuit for a total of $85,000 prior to the case being reached for trial. At the trial of the action against defendant, Supreme Court denied defendant's motion, made after the close of proof, to amend the answer to include the affirmative defense of limitation of liability for damages under CPLR article 16, and required the jury to consider comparative fault and assess the relative degree of fault of defendant and the released defendants in the settled action. The jury awarded damages of $150,000, apportioning fault against defendant at 5% and against the released defendants at 95%. Plaintiff entered judgment against defendant for $65,000 after deducting the prior settlement of $85,000 from the verdict. Supreme Court denied defendant's motion to vacate and to resettle the judgment in conformity with General Obligations Law § 15-108. Defendant has appealed from both the judgment

and the order denying its motion to vacate and resettle the judgment.

General Obligations Law § 15-108 provides that a settlement by or release of one tortfeasor does not relieve other tortfeasors from liability, but it does reduce the amount which can be recovered from them by (1) the amount stipulated by the settlement, (2) the amount of consideration paid for it, or (3) the released tortfeasor's equitable share of the damages, whichever is greatest (General Obligations Law § 15-108 [a]). The effect in a multiple defendant case is to limit the liability of a nonsettling tortfeasor to that tortfeasor's equitable share of fault. While defendant contends that the benefits of General Obligations Law § 15-108 (a) enure to it solely by reason of the settlement itself, CPLR 3018 (b) specifically requires that defenses such as payment and release must be affirmatively pleaded. The defense of settlement by the other tortfeasors and the concomitant benefit of General Obligations Law § 15-108 (a) should have been pleaded in the answer as an affirmative defense *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 82-83; *Manginaro v Nassau County Med. Ctr.,* 123 AD2d 842; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3018:22, at 162-163). Here, the settlements were reached well after issue was joined and, while defendant could have moved to amend its answer, the defense of release was not available when the answer was served. Defendant did, however, include an affirmative defense that plaintiff's injuries were caused in whole or in part by a third party over whom defendant had no control.

Only after the close of the proof at trial did defendant orally make a CPLR 3025 motion for leave to amend the answer to assert as an affirmative defense its right under CPLR article 16 to reduce its liability for damages by reason of plaintiff's settlement in the other action. Defendant now argues denial of its motion as untimely was an abuse of discretion and claims that at all times it contended that the settling defendants bore full responsibility for the accident. In opposition, plaintiff argues that the failure to plead General Obligations Law § 15-108 as a defense left the City jointly and severally liable with only the right to a credit for the settlement against the verdict.

It cannot be gainsaid that a trial court is vested with broad discretion with which to grant a CPLR 3025 motion to amend pleadings *(see, e.g., Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Stengel v Clarence Materials Corp.,* 144 AD2d 917, 918), and the exercise of such discretion will not

lightly be set aside *(Mathiesen v Mead,* 168 AD2d 736). Indeed, permission to amend pleadings should be granted even in midtrial in the absence of operative prejudice *(Shine v Duncan Petroleum Transp.,* 60 NY2d 22, 27; *Barbour v Hospital for Special Surgery,* 169 AD2d 385, 386; *Scheu v High-Forest Corp.,* 129 AD2d 366, 370-371), or even after trial *(Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502), and mere lateness is not a barrier to an amendment in the absence of significant prejudice *(Edenwald Contr. Co. v City of New York, supra,* at 959; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, at 356; *see also, Barbour v Hospital for Special Surgery, supra,* at 386). Prejudice has been defined as a special right lost in the interim, a change in position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment *(Barbour v Hospital for Special Surgery, supra,* at 386; *see, Armstrong v Peat, Marwick, Mitchell & Co.,* 150 AD2d 189, 190). No such prejudice may be found here as plaintiff knew that defendant claimed that fault lay with the vehicles which struck him and could not demonstrate that the belated assertion of its affirmative defense was prejudicial *(see, Scheu v High-Forest Corp., supra; Granieri v Ryder Truck Rental,* 112 AD2d 189). Accordingly, we find that Supreme Court abused its discretion in failing to grant defendant leave to amend its answer to assert the payment and release as an affirmative defense.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed and order is modified on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate and resettle the judgment; said motion granted and defendant's motion for leave to amend the answer to assert the affirmative defense of payment and release and General Obligations Law § 15-108 (a) granted; and, as so modified, affirmed.