■ ROBERT M. WHALEN, Respondent, v KAWASAKI MOTORS CORP., U.S.A., et al., Defendants, and ROBINSON CYCLE SALES, INC., Appellant. (Appeal No. 1.) [662 NYS2d 339] —Judgment unanimously reversed on the law without costs, motion granted and judgment ordered in accordance with the following Memorandum: Defendant Robinson Cycle Sales, Inc. (Robinson), appeals from a judgment awarding plaintiff $196,747.04 based on a jury verdict finding that plaintiff had sustained damages of $2,415,000 as a result of an ATV accident; that plaintiff was 92% at fault; and that Robinson, the retailer of the ATV, was liable in the amount of $193,000. In appealing from the judgment and a posttrial order denying a postverdict motion to amend the answer to assert its right to a setoff under General Obligations Law § 15-108, Robinson contends that it is entitled to a complete setoff of liability because of plaintiff's $1,600,000 pretrial settlement with defendants Kawasaki Motors Corp., U.S.A., Kawasaki Motors Manufacturing Corp., U.S.A., and Kawasaki Heavy Industries, Ltd. (Kawasaki defendants). Robinson contends that Supreme Court erred in denying its motion to amend the answer to assert General Obligations Law § 15-108 as an affirmative defense; that Robinson did not waive application of the statute by declining to put in proof concerning an equitable apportionment of fault among Robinson and the Kawasaki defendants; and that, because the settlement amount exceeded the verdict, plaintiff is not entitled to recover against Robinson.

The court should have granted Robinson's motion to amend the answer to assert General Obligations Law § 15-108 as an affirmative defense (*see, Ward v City of Schenectady*, 204 AD2d 779, 781). Because settlements generally occur after the pleading stage, if the statute is to be pleaded (*see generally, Hill v St. Clare's Hosp.*, 67 NY2d 72, 83-84), it usually must be by way of an amended answer. Here, Robinson's proposed amendment may not be considered late; it closely followed the settlement and plaintiff's purported oral amendment of the complaint. In any event, even late pleading of the statute would not have prejudiced or surprised plaintiff because it was plaintiff's negotiation of the settlement that invoked the stat-

ute. Moreover, the statute is not a subject of proof at trial, but is applied by the parties and/or the court outside the presence of the jury in settling the judgment (*see*, CPLR 4533-b). A motion to amend the pleadings during or even after trial should be granted in the absence of prejudice, and prejudice will not be found in the mere possibility of greater or lesser recovery or liability (*see*, CPLR 3025 [c]; *Loomis v Civetto Corinno Constr. Corp.*, 54 NY2d 18, 23-24, *rearg denied* 55 NY2d 801; *Ward v City of Schenectady, supra*, at 780-781).

Robinson did not waive application of General Obligations Law § 15-108. A nonsettling tortfeasor's failure to present evidence against the settling tortfeasor or to seek an apportionment of fault by the jury between the settling and nonsettling tortfeasors does not constitute a waiver of the right to all relief under the statute (*see, Bonnot v Fishman*, 88 AD2d 650, *affd* 57 NY2d 870, *for the reasons stated below*; *Audrieth v Parsons Sanitarium*, 588 F Supp 1380, 1382 [SD NY] [applying New York law]). Such failure constitutes a waiver of the nonsettling tortfeasor's right to reduction of the verdict based on an apportionment of fault, but not based on the amount of the settlement (*see, Bonnot v Fishman, supra*, at 651; *Construction Technology v Lockformer Co.*, 781 F Supp 195, 202 [SD NY] [applying New York law]; *Audrieth v Parsons Sanitarium, supra*, at 1382).

Pursuant to General Obligations Law § 15-108, Robinson is entitled to a complete setoff of the $193,200 verdict as a result of plaintiff's $1,600,000 settlement with the Kawasaki defendants. "If the settlement exceeds the verdict, the nonsettling defendants have no liability at all" (*Williams v Niske*, 81 NY2d 437, 440; *see generally*, General Obligations Law § 15-108 [a]). We therefore order that judgment be entered accordingly. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Negligence.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.