■ COLLEEN RAPPOLD, as Administratrix of the Estate of PATRICIA RAPPOLD, Deceased, Appellant-Respondent, v DAVID H. WAGNER, Respondent, and CHRIST THE KING ROMAN CATHOLIC CHURCH, Respondent-Appellant. (Appeal No. 1.) [665 NYS2d 225] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in failing to reduce the award by $50,000, the amount of the settlement received by plaintiff from a joint tortfeasor (*see*, CPLR 4533-b; *see also*, *Whalen v Kawasaki Motors Corp.*, 242 AD2d 919; *Harrison v Dombrowski*, 175 AD2d 37, 39; *Chen Yan Kao v Wang*, 98 AD2d 709, 710-711; *Bonnot v Fishman*, 88 AD2d 650, 651, *affd* 57 NY2d 870). The record establishes that, on August 28, 1994, the court signed an order authorizing that settlement. Defendants thereafter amended their answers to assert an affirmative defense pursuant to General Obligations Law § 15-108. At trial, defendants advised the court that they did not seek a reduction in the amount of the released tortfeasor's equitable share of the damages, but rather sought a setoff against any verdict received by plaintiff to the extent of the $50,000 settlement. Thus, the judgment must be modified accordingly (*see*, *Whalen v Kawasaki Motors Corp., supra*).

We further conclude that the court erred in denying that portion of plaintiff's motion to set aside as inadequate the award for conscious pain and suffering. The record establishes that plaintiff's decedent suffered abdominal injuries when a car crashed through a window at McDonald's, pinning her against a table. It further establishes that decedent was conscious, alert and in extreme pain until she was anesthetized at the hospital. After surgery, decedent continued to have significant pain, which hospital personnel attempted to alleviate through pain medication. Under the circumstances of this case, the

jury's award of $95,000 for decedent's conscious pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). We therefore remit the matter to Supreme Court for a new trial on the issue of damages for conscious pain and suffering unless defendants stipulate to increase the amount awarded by the jury for that element of damages to the principal sum of $250,000. In addition, remittal is required in any event because Supreme Court must recalculate the judgment by reducing the award by the $50,000 settlement.

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Erie County, Cosgrove, J.—Wrongful Death.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.