OPINION OF THE COURT
Donald J. Corbett, Jr., J.
In this motion the defendant seeks to apply General Obligations Law § 15-108 to the damages awarded in light of a settlement in 1998 with other tortfeasors in Supreme Court, and to amend the answer in the event I were to determine that such *156 was required in order to assert the relevant portions of the General Obligations Law.
A brief chronological retrospective is required. In June 1997, I found the defendant partially liable in damages to the claimant. In December 1997, I issued an award of damages in claimant’s favor. In March 1998, there was a settlement of claimant’s Supreme Court action against others over whom this Court has no jurisdiction, for approximately $2.1 million. In October 1998, a CPLR article 50-A hearing was held, and in March 1999, a structured judgment decision and order was filed. Shortly thereafter, judgment was entered, and the defendant, in April 1999, filed a notice of appeal. The claimant filed a cross appeal of my determination apportioning a 65% diminution of fault by other tortfeasors. After the Appellate Division, Fourth Department, affirmed the judgment in September 2000, the defendant’s motion for leave to appeal to the Court of Appeals was denied in January 2001. On February 20, 2001, the instant motion was served.
Under usual circumstances, it is the defendant’s burden to allege application of General Obligations Law § 15-108, and allegations such as payment and release must be pleaded as affirmative defenses (CPLR 3018 [b]; see Hill v St. Clare’s Hosp., 67 NY2d 72, 83-84), and thus a motion to amend the answer would be required, as generally settlements do not exist at the time of the pleading stage (see Whalen v Kawasaki Motors Corp., 242 AD2d 919, 919-920, mod on other grounds 92 NY2d 288; Ward v City of Schenectady, 204 AD2d 779). This issue, and a motion to amend an answer to assert the defense, most often arises in Supreme Court in the context of a single proceeding with all the codefendants before one judge. Here of course there are discrete companion actions in Supreme Court and the Court of Claims, with distinct defendants, arguably muddying the waters.
This motion, premised upon the settlement with the Supreme Court tortfeasors only after my allocation of culpable conduct and the amounts of damages, has superficial appeal. Arguably the claimant settled, theoretically knowing full well that General Obligations Law § 15-108 would apply an offset of damages, and thus would suffer no prejudice.
The defendant had notice of that action prior to the liability trial here, as it attended depositions in the Supreme Court action and stipulated to their use in this Court. It was known during the liability trial as the defendant requested and I held, pursuant to CPLR article 16, the State of New York proportion *157 ally responsible for 35% of the noneconomic losses (noting that article 16 did not apply to other purely economic losses). I further enumerated, without allocating proportional liability, numerous acts and putative issues of culpable conduct committed by certain Supreme Court defendants.
Defendant urges that it should have the opportunity to amend its answer, but the Fourth Department’s decision in Whalen v Kawasaki Motors Corp. (242 AD2d at 919-920, supra), that an amendment even after trial should be granted in the absence of prejudice,* is unavailing as it does not approximate the chronology here. In Whalen (supra), the proposed amendment of the answer was not considered late because, inter alia, it closely followed the settlement. But here the request comes not only after separate trials on liability and damages and after the 50-A hearing, but also after the defendant’s appeal to the Fourth Department and its motion for leave to appeal to the Court of Appeals. Thus, nearly three years after the settlements in Supreme Court, and two years after my last involvement, the filing of the structured judgment decision and order in March 1999, the defendant seeks my intervention. Without wishing to denigrate the defendant’s argument that it was not obligated to raise this prior to its initial appeal, since, if it was successful, the issue could have been moot, this should have been raised prior to the appeals.
While defendant in part characterizes this as a motion to amend its answer where leave should be freely given (CPLR 3025), I find that in reality it falls under the aegis of CPLR 5015 (a), seeking relief from and modification of the current judgment, as defendant articulated in its notice of motion. The distinction is determinative, as it does not involve a question of prejudice were I to allow the answer to be amended, but the timeliness and grounds of a CPLR 5015 motion in the first instance. Defendant does not qualify under any of the grounds enumerated in CPLR 5015 (a), to wit, excusable default, newly discovered evidence, fraud or other misconduct, lack of jurisdiction, or appellate reversal, modification or vacatur of the prior judgment. Claimant has asserted, and I find no law to the contrary, that no court in New York State has ever granted the relief sought here after the judgment has been affirmed on appeal, let alone after judgment was entered. While laches *158 may not be held against the State of New York in its sovereign capacity (State of New York v Vernooy, 109 AD2d 682, 683), this motion comes years after the Supreme Court settlements and the Court of Claims judgment, and outside the limiting criteria of CPLR 5015 (a).
Accordingly, I find that if prior notice of a companion Supreme Court or federal court action has been given to a defendant, then a motion to amend the answer to assert an affirmative defense pursuant to General Obligations Law article 15 must be made at the latest before the entry of judgment. Here that allowed the defendant a window of some 12 months after the settlement, an adequate period of time. Regardless, this issue should have been raised in conjunction with the CPLR article 50-A hearing in October 1998, as it purportedly would have affected the calculation of damages and the formulation of the judgment.
Indeed, judicial economy and the notion that at some point litigation must come to an end (Aurnou v Greenspan, 182 AD2d 523, lv dismissed 80 NY2d 866) also mandate denial of the motion. Furthermore, since the Clerk of the Court prepares and enters the judgment (22 NYCRR 206.18 [a]), administrative economies also must be considered. The motion must be, and is, denied in all respects.
The defendant timely presented an annuity contract issued by Allstate Life Insurance Company of New York (CPLR 5031 [e]). The annuity amounts are consistent with my order and the insurance carrier has agreed to comply with article 50-A and this Court’s decision. Claimant raised no objection to the form of the annuity contract, the insurance carrier or its rating. The annuity contract is approved (CPLR 5032). Thus, subject to whatever farther appellate review hereof may ensue, the judgment herein remains affirmed and enforceable.

 I exclude from this discussion the typical and “pro forma” posttrial, but prejudgment, motion to amend the pleadings to conform to the proof, typically to increase the ad damnum (see CPLR 3025 [c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23-24, rearg denied 55 NY2d 801).