OPINION OF THE COURT
Joseph G. Golia, J.
Defendant seeks leave to file and serve a late answer pursuant to CPLR 3012 (d). To succeed on such a motion “a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action” (Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785 [2d Dept 2011]).
“Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits” (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2d Dept 2005]).
A claim of law office error cannot be deemed a reasonable excuse for failure to file a timely answer if such a claim is “conclusory and unsubstantiated.” (Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789 [2d Dept 2011].) Here, defendant claims that default was due in part to defendant’s former counsel failing to timely file an answer despite defendant’s reliance on counsel’s assurances that he would do so. Defendant also claims that counsel made assurances that the foreclosure proceeding would not proceed while negotiations took place and that counsel made five attempts to obtain a loan modification. While these claims are somewhat cursory and lack any documentary support, they are coupled with defendant’s claim that his failure to timely respond to the complaint was also due to defendant’s good faith belief in settlement negotiations. Such a good faith belief will supply a reasonable excuse for failure to timely answer (Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836 [2d Dept 2006]). The combination of alleged law office error and defendant’s good faith belief in the settlement negotiations he was assured by his counsel were occurring is enough to supply defendant with a reasonable excuse for the default.
Regarding any possible prejudice which would befall plaintiff if defendant’s motion is granted, the plaintiff cites to the imminent filing of an order of reference. Plaintiff argues that a *282 granting of defendant’s motion will cause prejudice due to further delay in its ability to file this order of reference. Plaintiff states the order of reference was already delayed once due to the change in plaintiffs counsel which occurred in December of 2011. This however does not constitute prejudice. Apart from the fact that the initial delay due to a change in plaintiffs counsel occurred through no fault of defendant, prejudice refers to a significant impairment of a party’s ability to adequately litigate a matter (Barbour v Hospital for Special Surgery, 169 AD2d 385, 386 [1st Dept 1991] [“by prejudice is meant some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided”] [internal quotation marks omitted]). A delay in the filing of an order of reference does not constitute such prejudice.
Despite the fact that this case was first instituted a little over two years ago, this matter is essentially still in its infancy. As discussed above, plaintiff has yet to file an order of reference. Additionally, CPLR 3012 motions have been previously granted by courts despite delays of similar lengths (see HSBC Bank USA, N.A. v Cayo, 34 Misc 3d 850 [Sup Ct, Kings County 2011]). Because of this, and the fact that plaintiff will suffer no significant prejudice if defendant is permitted to file an answer, the court should afford great deference to “the strong public policy in favor of resolving cases on the merits” (Harcztark, 21 AD3d at 877).
Finally, defendant offers several potentially meritorious defenses in his proposed answer. Included among these is defendant’s seventh affirmative defense alleging that plaintiff failed to properly abide by the notice requirements of RPAPL 1304. If defendant ultimately prevails upon this affirmative defense, this action would be subject to dismissal.
Defendant is directed to file his answer with the court and serve the plaintiff with said answer within 15 days of entry of this order. If plaintiff chooses to reply to said answer the timing and manner of said reply shall be in accordance with the mandates of the CPLR.