Matter of New York City Asbestos Litig. (2018 NY Slip Op 06058)





Matter of New York City Asbestos Litig.


2018 NY Slip Op 06058


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


190219/16 -6938 6937 6936

[*1]In re New York City Asbestos Litigation
Ann Marie Idell, etc., Plaintiff-Respondent,
v
Aerco International, Inc., et al., Defendants, Crane Co., et al., Defendants-Respondents, Jenkins Bros., Defendant-Appellant.


Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for appellant.
Simmons Hanly Conroy LLC, New York (James Kramer of counsel), for Ann Marie Idell, respondent.
K & L Gates, LLP, New York (Tara L. Pehush of counsel), for Crane Co., respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Daniel W. Levin of counsel), for Warren Pumps LLC, respondent.



Orders, Supreme Court, New York County (Martin Shulman, J.), entered August 15, 2017, which granted defendants Crane Co. and Warren Pumps LLC's respective motions to quash trial subpoenas issued to them, unanimously affirmed, without costs. Order, same court and Justice, entered December 15, 2017, which denied defendant Jenkins Bros.' (defendant) motion pursuant to CPLR 4404 to set aside the verdict, and granted plaintiff's motion pursuant to CPLR 4404 to set aside the verdict to the extent of directing a new trial unless defendant stipulated to an increase in the jury awards of $1.8 million and $1.5 million for past and future pain and suffering, respectively, to $4 million and $2.5 million, respectively, unanimously modified, on the law, the facts and as a matter of discetion, to vacate the additurs for past and future pain and suffering and to direct a new trial on past pain and suffering only, unless, within 30 days of service of a copy of this order with notice of entry, defendant stipulates to increase the award for past pain and suffering to $4 million, and to reinstate the jury's future pain and suffering award, and otherwise affirmed, without costs.
The Supreme Court properly precluded defendant from eliciting testimony from plaintiff's expert regarding exposure to asbestos in the alleged nonparty tortfeasors' products because the court properly found that defendant failed to establish specific causation against such alleged nonparty tortfeasors (see Matter of New York City Asbestos Litig., 148 AD3d 233, 238-239 [1st Dept 2017]).
Moreover, contrary to defendant's contention that General Obligations Law § 15-108 requires that the settled defendants be included on the verdict sheet for apportionment purposes regardless of whether any evidence of their liability was presented, failure to present a prima facie case of their liability "constitutes a waiver of the nonsettling tortfeasor's right to reduction [*2]of the verdict based on an apportionment of fault, but not based on the amount of the settlement" (Whalen v Kawasaki Motors Corp., U.S.A., 242 AD2d 919, 920 [4th Dept 1997], mod on other grounds 92 NY2d 288 [1998]).
The court properly precluded defendant from introducing evidence of plaintiff's alleged exposure to asbestos in Scotland before he emigrated to the United States because such evidence was speculative.
On the record and arguments before us, it was not error for Supreme Court to quash the subpoena issued to defendant Crane Co. as such subpoena was improperly served. Any error in quashing the subpoena issued to defendant Warren Pumps LLC based on a finding that such subpoena was improperly served was harmless.
Supreme Court properly charged the jury on the issue of recklessness. Based on the circumstances of this case, which include plaintiff's continued exposure to defendant's valves through 1986, there was sufficient evidence from which a jury could determine that defendant was aware that workers such as plaintiff were at risk from exposure to asbestos (Matter of New York City Asbestos Litig., 89 NY2d 955, 956-957 [1997]).
Supreme Court properly directed a new trial on damages as to past pain and suffering unless defendant agrees to increase that award to $4 million. However, we find that the jury's award for future pain and suffering of $1.5 million should be reinstated as such award did not deviate materially from reasonable compensation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK