**Ramiro QUINTANS, Jr., Plaintiff,**

v.

**COMPANIA SUD AMERICANA DE VAPORES, Defendant.**

**No. 85 CIV. 3046 (PKL).**

United States District Court, S.D. New York.

Oct. 15, 1986.

Zimmerman & Zimmerman, New York City (Thomas J. Doyle, of counsel), for plaintiff.

Gulmi, LaPenta, Campbell, Burns & Mahoney, New York City (James R. Campbell, of counsel), for defendant.

LEISURE, District Judge:

This action for personal injury is brought by plaintiff, Ramiro Quintans, Jr. ("Quintans"), a citizen of New Jersey, against Compania Sud Americana de Vapores ("Compania"), a corporation organized and existing under the laws of the Republic of Chile with its principal offices in Valparaiso, Chile; Compania is not a citizen of New York.

Quintans initially brought this action in state court. The action was subsequently removed to this Court. Jurisdiction is conferred on this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 (1977). This Court also has jurisdiction pursuant to 33 U.S.C. § 905 (Supp. 1986).

Compania has moved for summary judgment as provided by Fed.R.Civ.P. 56. Because there are material issues of fact still in dispute, Compania's motion is denied.

## FACTUAL BACKGROUND

Quintans was employed as a longshoreman by International Terminal Operating Company ("I.T.O."). I.T.O. had agreed to do stevedoring work—as an independent contractor—for Compania, aboard Compania's vessel, the M/V RAPEL. Quintans was injured on June 3, 1983, while working for I.T.O. on the M/V RAPEL.

The parties agree that Quintans was hurt, while working in the vessel's last hatch, when he was hit from behind by two sweatboards. Quintans does not know how the sweatboards fell from the vessel's side.

The material facts here in dispute involve the role played by Milton Ross ("Ross"), the hatch boss, in the cause of the accident. Ross, also an employee of I.T.O., has admitted in his deposition that he struck the ship's sweatboards with the "hi-lo" he was operating; thus, dislodging two of the boards and causing them to fall on Quintans. Quintans and Anthony Shipley, a witness to the accident, dispute Ross' testimony. They claim that Ross was not near the sweatboards at the time of the accident.

## LEGAL DISCUSSION

On a motion for summary judgment, the court's purpose is not to try issues of fact, but rather to determine whether or not there are material issues of fact to be tried. *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 632 F.Supp. 1213, 1217 (S.D.N.Y.1986). The court utilizes a two-step test in order to answer this question. First, the court must decide whether there is an issue of fact appropriate for trial. If so, the court must then decide if that factual issue is material. *See* Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 469 (1984).

The burden of showing that there are no genuine issues as to any material fact is on the movant. *Patrick v. LeFevre*, 745 F.2d 153, 158 (2d Cir.1984). "Not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy as to the inferences to be drawn from them." *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313 (2d Cir.1981). "Thus, when the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).

Given the foregoing standard, it is clear that summary judgment is inappropriate in this instance. In this case, there is an issue of fact appropriate for trial. In plaintiff's pleadings, affidavits, and motion papers, both Quintans and Shipley assert that Ross was not near the sweatboards at the time of the accident; consequently, Ross could not have caused the injury. Compania, on the other hand, claims that Ross' version of the circumstances surrounding the accident is dispositive.

Not only is this factual dispute genuine, but it is also, pursuant to the second step of our aforementioned test, material. This case consists of a longshoreman suing a shipowner for negligence under 33 U.S.C. § 905(b). Such a suit can only be based on the negligence of the shipowner. *Munoz v. Flota Merchante Grancolombiana, S.A.*, 553 F.2d 837, 840 (2d Cir.1977).

If Ross's testimony regarding his own actions is accepted as fact, plaintiff would be deprived of his cause of action against defendant. The cases indicate that under Section 905(b) the shipowner can only be "answerable for its own negligence." *Scindia Steam Navigation Company v. De Los Santos*, 451 U.S. 156, 168, 101 S.Ct. 1614, 1622, 68 L.Ed.2d 1 (1981); *Evans v. Transportacion Maritime Mexicana*, 639 F.2d 848 (2d Cir.1981). As a result, if Ross' testimony is accepted as fact, it is

more than arguable that there can be no negligence—and therefore, no liability—on the part of Compania, because the injury was caused by an employee of I.T.O., an independent contractor, and not Compania. Therefore, not only is the dispute regarding the facts contained in Ross' testimony material, it could be considered dispositive by the triers of fact.

### CONCLUSION

There is a genuine dispute with respect to the facts in this case. Moreover, the facts in dispute are material to the disposition of this law suit. Therefore, defendant's motion for summary judgment is denied.

SO ORDERED.