■ Louis Stuto, Respondent, v Coastal Dry Dock & Repair Corp., Appellant and Third-Party Plaintiff-Respondent, et al., Defendant. G&M Metal Fabricating Corp., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), entered May 3, 1988, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it, and the third-party defendant appeals from so much of the same order as denied its cross motion to dismiss the third-party complaint.

Ordered that the order is modified, by deleting the fifth decretal paragraph thereof and substituting therefor a provision granting that branch of the defendant and third-party

plaintiff's cross motion which was to dismiss the plaintiff's second cause of action alleging a violation of the New York State Labor Law insofar as it is asserted against it; as so modified, the order is affirmed, without costs or disbursements.

On December 7, 1982, while removing ductwork approximately 6½ feet above the floor of the "radio central" area of the U.S.S. *Koelsch,* which was in drydock at the Brooklyn Navy Yard, the plaintiff, a sheet-metal mechanic employed by the third-party defendant G&M Metal Fabricating Corp. (hereinafter G&M), fell off a chair and struck his head, sustaining serious injuries. The United States Navy had contracted with the defendant and third-party plaintiff Coastal Dry Dock & Repair Corp. (hereinafter Coastal) to perform certain repair work aboard the vessel. Coastal subcontracted the sheet metal work to G&M. After receiving workers' compensation benefits from his employer, the plaintiff instituted this action, *inter alia,* against Coastal alleging damages sustained as a result of Coastal's negligence. He also alleged that Coastal had violated provisions of the New York State Labor Law. Coastal then commenced a third-party action against G&M for indemnification based on the existence of a contract which contained an indemnity provision in favor of Coastal.

G&M sought dismissal of the third-party complaint on the ground that under the Federal Longshoremen's and Harbor Workers' Compensation Act (hereinafter LHWCA; 33 USC § 901 *et seq.),* the plaintiff's employer cannot be sued in a third-party action. In an order dated December 23, 1985, the Supreme Court (Vaccaro, J.) denied the motion based on the written contract between Coastal and G&M. No appeal from this order was taken.

The plaintiff thereafter moved for summary judgment. Coastal cross-moved for summary judgment dismissing the complaint and all cross claims against it. G&M also cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court (I. Aronin, J.), in the order appealed from, denied all the motions.

The parties do not dispute Justice Vaccaro's determination that the plaintiff's injury occurred during the course of maritime employment as defined in 33 USC § 902 *(Vargas v American Export Lines,* 107 AD2d 349) and that even though this action was commenced in a State court, Federal maritime law rather than New York law governs *(see, Vargas v American Export Lines, supra; Magno v Waterman S. S. Lines,* 89 AD2d 958). However, Coastal and G&M contend that the application

of Federal maritime law, which imposes a standard of reasonable care, and the doctrine of comparative negligence requires the dismissal of the plaintiff's cause of action based on the New York State Labor Law, because Coastal could be held strictly liable under that cause of action. We agree.

Although "there are numerous instances in which the general maritime law has been modified or supplemented by state action, as e.g. in creating liens for repairs or supplies furnished to a vessel in her home port * * * [w]ith respect to maritime torts we have held that the State may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation" *(Just v Chambers,* 312 US 383, 388).

For example, Federal maritime law has been held not to preclude a cause of action under State law to recover damages for wrongful death *(see, Hess v United States,* 361 US 314), for benefits under a State Workers' Compensation Act *(see, Sun Ship v Pennsylvania,* 447 US 715, *reh denied* 448 US 916; *Calbeck v Travelers Ins. Co.,* 370 US 114; *Davis v Department of Labor,* 317 US 249, *reh denied* 317 US 713) or for the loss of society due to a maritime injury *(see, American Export Lines v Alvez,* 446 US 274).

"[S]tate law may supplement maritime law when maritime law is silent or where a local matter is at issue, but state law may not be applied where it would conflict with maritime law" *(Floyd v Lykes Bros. S. S. Co.,* 844 F2d 1044, 1047). The facts of this case are similar to those found in *Robins Dry Dock Co. v Dahl* (266 US 449) where the United States Supreme Court held that since the tort suffered by the plaintiff was maritime and not of mere local concern, the rights and liabilities of the parties arose out of and depended upon the general maritime law and could not be enlarged or impaired by State statute. Although the *Robins Dry Dock* case was decided prior to the enactment of the 1972 amendment of the LHWCA, the legislative history of the amendment and subsequent case law have not diminished its authority *(see, Hess v United States, supra,* at 326 [dissenting opn of Harlan, J.]; *McFall v Compagnie Mar. Belge,* 304 NY 314; *Riley v Agwilines, Inc.,* 296 NY 402; *Cwick v City of Rochester,* 107 AD2d 1072).

The legislative history of the 1972 amendment to the LHWCA supports a finding of preemption in this case. Although preemption is not mentioned, the committee reports

indicate that Congress did not "intend that the negligence remedy authorized in the bill shall be applied differently in different parts depending on the law of the State in which the port may be located. The Committee intends that legal questions which may arise in actions brought under these provisions of the law shall be determined as a matter of Federal law. In that connection, the Committee intends that the admiralty concept of comparative negligence, rather than the common law rule as to contributory negligence, shall apply in cases where the injured employee's own negligence may have contributed to causing the injury" (HR Rep No. 92-1441, 92d Cong, 2d Sess [1972], reprinted in 1972 US Code Cong & Admin News 4705; *see also, Oman v Johns-Manville Corp.,* 764 F2d 224, *cert denied sub nom. Oman v Porter Co.,* 474 US 970; *Duty v East Coast Tender Serv.,* 660 F2d 933, *cert denied* 455 US 945; *Birrer v Flota Mercante Grancolombiana,* 386 F Supp 1105; *Scindia Steam Nav. Co. v De Los Santos,* 451 US 156 [defining the duties of a shipowner and stevedore in maritime actions]; *Trueba v Flota Bananera Ecuadarian Lines,* 675 F Supp 786; *Quintans v Compania Sud Americana de Vapores,* 645 F Supp 836). The comparative negligence standard imposed forecloses the application of the Labor Law's strict liability provisions.

The plaintiff's reliance on this court's decision in *Kahn v Gates Constr. Corp.* (103 AD2d 438) is misplaced. The dicta indicating the viability of a Labor Law cause of action in that case must be limited to the facts presented therein. The injury to the plaintiff occurred 2,800 feet offshore on the ocean floor, which was considered "land" over which New York State exercised sovereignty. In the instant case, however, the plaintiff sustained his injury on a vessel docked in navigable waters, and not on the ocean floor under those waters. The State nexus present in *Kahn* simply does not exist in this case so as to justify an application of the State legislation. Accordingly, the plaintiff's Labor Law cause of action must be dismissed.

Since there was an express contract between G&M and Coastal which contained an indemnification clause in Coastal's favor, the Supreme Court properly denied G&M's cross motion *(Gjertsen v Mawson & Mawson,* 135 AD2d 779). Because the third-party plaintiff seeking indemnification from the employer was not the owner of the vessel itself, its action was not barred (33 USC § 905 [b]; *Fragedis v Farrell Lines,* 64 NY2d 987; *Vargas v American Export Lines,* 107 AD2d 349, *supra).*

We have considered the parties' remaining contentions and

find them to be without merit. Mollen, P. J., Bracken, Kunzeman and Rosenblatt, JJ., concur.