■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of ANDREW J. MILAM, Deceased, Appellant, v GIBSON & CUSHMAN OF NEW YORK, INC., Respondent.—Order of the Supreme Court, New York County (David Edwards, Jr., J.), entered on or about October 27, 1989, which dismissed the first, second, and fourth causes of action under the Jones Act (46 USC § 688) as time barred and struck the jury demand in the maritime claim, unanimously affirmed, without costs.

The facts, as established in a previous appeal *(Milam v Gibson & Cushman,* 81 AD2d 555), reveal that, in 1973, plaintiff seaman commenced this general maritime action against defendant Gibson & Cushman of New York, Inc. seeking monetary damages for personal injuries sustained in September 1967. Plaintiff's causes of action for negligent injury under the Jones Act (46 USC, Appendix § 688) are governed by a three-year Statute of Limitations *(Clauson v Smith,* 823 F2d 660, 661) and, thus, expired well before the action was commenced. The instant record fails to provide any support for plaintiff's contention that the limitations period should be tolled *(see, Clauson v Smith, supra; see also, Sim-*

*cuski v Saeli,* 44 NY2d 442) as there is no proof that plaintiff relied on any misrepresentation by defendant which caused him to delay timely commencement of the action.

The trial court also properly struck plaintiff's jury demand because the remaining maritime cause of action, based on a claim of unseaworthiness, is to be tried nonjury *(see, Mahramas v American Export Isbrandtsen Lines,* 475 F2d 165, 172).

We have considered plaintiff's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Smith and Rubin, JJ.