■ HUEY IRVIN, Appellant-Respondent, v AMERADA HESS CORP. et al., Respondents-Appellants. [594 NYS2d 324] —In an action to recover damages for personal injuries pursuant to Labor Law §§ 200, 241 (6) and 240, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated January 7, 1991, as granted the defendants' motion for summary judgment on stated conditions, and the

defendants have filed a notice of cross appeal from the imposition of those conditions.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff was injured on March 6, 1985, while he was engaged in "backfilling * * * performed to strengthen [a] dock and bulkhead". His job was to guide a bucket which was suspended from a crane mounted on a floating scow. At one point, the bucket struck the plaintiff's ankle and caused him to suffer a bimalleolar fracture.

We agree with the Supreme Court that Federal maritime law applies to this case pursuant to the Admiralty Jurisdiction Extension Act of 1948 (46 USC § 740; *see, Gutierrez v Waterman S. S. Corp.,* 373 US 206; *Torres v City of New York,* 177 AD2d 97, 101-102; *Huser v Santa Fe Pomeroy,* 513 F2d 1298; *Tucker v Calmar S. S. Corp.,* 457 F2d 440; *Thompson v Calmar S. S. Corp.,* 331 F2d 657, *cert denied* 379 US 913; Annotation, *Admiralty Extension Act,* 14 ALR Fed 664, § 24). Contrary to the plaintiff's argument on appeal, we find that there was a sufficient nexus between the happening of this accident and a traditional maritime activity, i.e., the repairing of a dock *(see, e.g., Torres v City of New York, supra; Duncanson-Harrelson v Director, Off. of Workers' Compensation,* 644 F2d 827; *Duncanson-Harrelson v Director, Off. of Workers' Compensation Programs,* 686 F2d 1336, *vacated on other grounds* 462 US 1101, *on remand* 713 F2d 462; *Wistrom v Duluth, Missabe & Iron Range Ry. Co.,* 437 NW2d 730 [Minn]). Contrary to the plaintiff's additional argument, we conclude that the existence of Federal maritime jurisdiction in this case precludes application of the New York Labor Law (§§ 200, 240 [1]; § 241 [6]; *see, Torres v City of New York, supra; Stuto v Coastal Dry Dock & Repair Corp.,* 153 AD2d 937). Accordingly, the order appealed from is affirmed insofar as appealed from. Bracken, J. P., Eiber, Pizzuto and Santucci, JJ., concur.