■ MICHAEL HOTCHKISS, Respondent, v STATE OF NEW YORK, Appellant, et al., Defendant. [643 NYS2d 650]

The claimant seeks to impose liability on the appellant pursuant to Labor Law § 200 (1), § 240, and § 241 (6). The Court of Claims granted the appellant's motion to dismiss the claim to the extent of dismissing so much of the claim as is based on Labor Law § 241 (6).

We agree with the appellant that so much of the claim as is based on Labor Law § 240 should also have been dismissed inasmuch as the present case is governed by the principles of Federal maritime law (*see, Tompkins v Port of N. Y. Auth.,* 217 AD2d 269; *Torres v City of New York,* 177 AD2d 97, *lv denied* 80 NY2d 759, *cert denied* 507 US 986; *Suto v Coastal Dry Dock & Repair Corp.,* 153 AD2d 937; *see also, Shea v Rev-Lyn Contr. Co.,* 868 F2d 515). Moreover, we find no basis for distinguishing between bridge repair work and pier repair work (*see, Tompkins v Port of N. Y. Auth., supra; Irvin v Amerada Hess Corp.,* 191 AD2d 478) for the purpose of determining whether there is a sufficient nexus to maritime activities.

However, in light of the absence of any pretrial discovery and the claimant's affidavit, which tends to show that the appellant's agents actively supervised the project in question, we affirm so much of the order as denied the branch of the appellant's motion which was to dismiss so much of the claim as is based on Labor Law § 200 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505-506). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.