(September 16, 1996)

■ MANUEL AGIS et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. BROOKLYN NAVY YARD DEVELOPMENT CORPORATION et al., Third-Party Defendants-Respondents. [647 NYS2d 789] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated June 27, 1995, which granted the motions of the third-party defendants to dismiss the complaint and the third-party complaints.

Ordered that the appeal from so much of the order as dismissed the third-party complaints is dismissed, as the plaintiffs are not aggrieved by that portion of the order (CPLR 5511; *Chaitovitz v Lewis,* 222 AD2d 392); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

In the present case, the injured plaintiff was within the confines of a dry dock, and was engaged in what he characterizes as the construction of a "cradle", and in what is elsewhere

characterized as the affixing of wood to a "keel block", when a nail from a nail gun ricocheted and struck him in the leg. We conclude that the injured plaintiff's job function must be characterized as the repair or construction of a dock, and that, because this job function has been traditionally regarded as a maritime activity, a maritime nexus is present in this case *(see, Torres v City of New York,* 177 AD2d 97, *cert denied* 507 US 986; *Irvin v Amerada Hess Corp.,* 191 AD2d 478; *Tompkins v Port of N. Y. Auth.,* 217 AD2d 269). The plaintiffs concede the existence of a maritime situs, so that the case is within the scope of admiralty jurisdiction. Substantive maritime law does not allow for recovery by a plaintiff in a personal injury action against a landowner who is free of negligence *(see, e.g., Tompkins v Port of N. Y. Auth., supra; see also, McDonald v City of New York,* 231 AD2d 556 [decided herewith]). The plaintiffs failed to raise a triable issue of fact that the defendant was negligent. Therefore, the Supreme Court properly dismissed the plaintiffs' action against the defendant. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.