■ CLIVE McDONALD, Respondent, v CITY OF NEW YORK et al., Appellants. (And a Third-Party Action.) [647 NYS2d 787] —In an action to recover damages for personal injuries, the defendants City of New York and Brooklyn Navy Yard Development Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 7, 1995, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's second cause of action, and the defendant G-Marine Diesel Corporation separately appeals from so much of the same order as denied its motion to dismiss the plaintiff's second cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied (1) that branch of the motion of the defendants City of New York and Brooklyn Navy Yard Development Corp. which was for summary judgment dismissing the plaintiff's second cause of action, and (2) the motion of G-Marine Diesel Corporation which was for summary judgment dismissing the plaintiff's second cause of action, and substituting therefor a provision (1) granting that branch of the motion of the City of New York and Brooklyn Navy Yard Development Corp. which was for summary judgment dismissing the plaintiff's second cause of action to the extent that the second cause of action asserts claims under Labor Law §§ 240 and 241, and (2) granting that branch of the motion of the defendant G-Marine Diesel Corporation which was for summary judgment dismissing the plaintiff's second cause of action insofar as it asserts claims under Labor Law §§ 240 and 241; as so modified, the order is affirmed, with one bill of costs to the appellants appearing separately and filing separate briefs.

The plaintiff was injured while engaged in the removal of "buss bars" from the gallery of a dry dock at the Brooklyn Navy Yard. The Supreme Court, Kings County, held that the ensuing action for damages did not fall within admiralty jurisdiction (US Const, art III, § 2 [1]; 28 USC § 1333 [1]) concluding,

*inter alia,* that the accident was "not of the general type which would in any way impede 'maritime commerce' " (quoting *Sisson v Ruby,* 497 US 358). We do not agree with this conclusion.

The actual impact on maritime commerce occasioned by the particular incident under review in this case is irrelevant to the determination whether maritime jurisdiction exists. The relevant inquiry is whether the general features of the accident place it "within a class of incidents that posed more than a fanciful risk to commercial shipping" *(Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co.,* 513 US 527, 539). An injury to a worker engaged in the construction, repair or maintenance of a dry dock, like an injury to a seaman in navigable waters, " 'could lead to restrictions on the navigational use of the waterway' " *(Neely v Club Med Mgt. Servs.,* 63 F3d 166, 179, quoting *Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co., supra,* at 539; *see also, Coats v Penrod Drilling Corp.,* 61 F3d 1113 [injury to worker on jack-up oil rig]; *White v United States,* 53 F3d 43 [injury to security guard who lost balance, fell off gangway, and struck nose on equipment stored on pier]; *Mink v Genmar Indus.,* 29 F3d 1543 [injury to plaintiff who fell on deck of pleasure boat while trying to find secure position]). We have previously held that dock repairs, in general, are to be considered a traditional maritime activity *(see, Tompkins v Port of N. Y. Auth.,* 217 AD2d 269; *Irvin v Amerada Hess Corp.,* 191 AD2d 478; *see also, Agis v City of New York,* 231 AD2d 537 [decided herewith]; *Torres v City of New York,* 177 AD2d 97, *cert denied* 507 US 986).

Under these circumstances, we conclude that there is a maritime nexus. We note that the Supreme Court correctly held that there is a maritime situs, in that the wrong occurred on what are considered to be navigable waters *(see, Torres v City of New York, supra).* With maritime jurisdiction comes the application of substantive maritime law. Pursuant to substantive maritime law, there is no basis for the imposition of tort liability solely on account of a defendant's status as an owner or general contractor, and in the absence of proof of actual negligence; in other words, the strict liability provisions of the New York Labor Law are preempted *(see, Agis v City of New York, supra; Tompkins v Port of N. Y. Auth., supra; Torres v City of New York, supra; Stuto v Coastal Dry Dock & Repair Corp.,* 153 AD2d 937). The Supreme Court should therefore have granted the motions insofar as they were to dismiss the portion of the plaintiff's second cause of action which is premised on Labor Law §§ 240 and 241.

We note that the Supreme Court found that there were issues of fact precluding summary judgment with respect to the plaintiff's action based on common law negligence, and that neither appellant takes issue with this aspect of the court's decision. We also find no error in connection with the Supreme Court's refusal to dismiss so much of the second cause of action as was premised on Labor Law § 200, which is "merely a codification of * * * [the] common-law duty to provide workers with a safe place to work" *(Dunham v Hilco Constr. Co.,* 221 AD2d 586, 587). The plaintiff's cause of action based on Labor Law § 200 should be treated in a manner consistent with the treatment of the plaintiff's cause of action based on common law negligence *(see, Dunham v Hilco Constr. Co., supra; cf., Irvin v Amerada Hess Corp., supra* [no issue of fact as to actual negligence by defendant]). We note that the plaintiff did not specifically plead a cause of action under Labor Law § 241 (6) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Contrary to the plaintiff's contention, under the circumstances herein *Yamaha Motor Corp. v Calhoun* (516 US 199) does not support his claim that he may maintain his causes of action under Labor Law §§ 240 and 241. *Yamaha* dealt with the circumstances under which State laws governing wrongful death and survival causes of action could be applied in a maritime case. "[E]xtending state wrongful death statutes to fatal accidents in territorial waters was [held to be] compatible with substantive maritime policies" *(Yamaha Motor Corp. v Calhoun, supra,* at 207; *see also, Western Fuel Co. v Garcia,* 257 US 233; *cf., Moragne v States Mar. Lines,* 398 US 375). The *Yamaha* decision *(supra)* did not alter the rule that in cases of nonfatal injuries governed by maritime jurisdiction, substantive Federal maritime law supersedes State substantive liability standards *(see, Kermarec v Campagnie Generale Transatlantique,* 358 US 625). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.