■ KENNETH ERIKSEN et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. [653 NYS2d 670] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated February 22, 1996, as granted the defendant's motion for summary judgment to the extent of dismissing the plaintiffs' causes of action pursuant to Labor Law § 200 (1); § 240 (1); and § 241 (6), and denied their cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the defendant's motion which were to dismiss the plaintiffs' causes of action pursuant to Labor Law § 200 (1) and § 241 (6), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 11, 1992, the plaintiff Kenneth Eriksen, a dock builder employed by Brand Marine Services, Inc., was injured while assisting in the replacement of a bulkhead at a Long Island Power Company (hereinafter LILCO) plant in Glenwood Landing, New York. The injured plaintiff claims that he slipped on loose gravel while taking measurements along the bulkhead at the edge of the land, and that he fell a distance of approximately eight feet, striking his back against a steel beam before hitting the water. The injured plaintiff and his wife subsequently commenced this action against LILCO, seeking to recover damages, *inter alia,* for negligence and alleged violations of Labor Law § 200 (1); § 240 (1); and § 241 (6).

On appeal, the plaintiffs contend that the Supreme Court erred in dismissing their Labor Law causes of action upon the ground that they are preempted by Federal maritime law (US Const, art III, § 2 [1]; 28 USC § 1333 [1]). Contrary to the plaintiffs' claim, the court properly determined that Federal maritime law applies because the injured plaintiff's accident occurred on navigable waters, and while he was engaged in maritime activity consisting of the replacement of a bulkhead used by barges to discharge fuel oil. Thus, there is a maritime "situs" and "nexus" requiring the application of substantive maritime law to this action (see, Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co., 513 US 527; Sisson v Ruby, 497 US 358; Rigopoulos v State of New York, 236 AD2d 459 [decided herewith]; McDonald v City of New York, 231 AD2d 556; Tompkins v Port of N. Y. Auth., 217 AD2d 269). Since traditional principles of maritime law permit a defendant to be held liable only upon proof of actual negligence, the strict liability provisions of the New York Labor Law are preempted, and the plaintiffs' cause of action under Labor Law § 240 (1) must be dismissed (see, McDonald v City of New York, 231 AD2d 556, supra; Tompkins v Port of N. Y. Auth., 217 AD2d 269, supra).

However, the existence of maritime jurisdiction does not require dismissal of the plaintiffs' causes of action pursuant to Labor Law § 200 (1) and § 241 (6) (see, Yamaha Motor Corp., U.S.A. v Calhoun, 516 US 199). The "exercise of federal admiralty jurisdiction does not result in automatic displacement of state law" (Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co., supra, 513 US, at 545). Consequently, "state law may supplement maritime law when maritime law is silent or where a local matter is at issue", provided that state law does not conflict with maritime law (Floyd v Lykes Bros. S. S. Co., 844 F2d 1044, 1047). Neither Labor Law § 200, which is a codification of the common-law duty to provide workers with a safe place to work, nor Labor Law § 241 (6), which requires that workers be provided with "reasonable and adequate protection and safety", impose strict liability upon property owners (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502; Zimmer v Chemung County Performing Arts, 65 NY2d 513; Monroe v City of New York, 67 AD2d 89). Thus, these provisions of the Labor Law are not in conflict with Federal maritime law, and are not preempted (see, Rigopoulos v State of New York, 236 AD2d 459, supra; McDonald v City of New York, 231 AD2d 556, supra).

To the extent that prior decisions of this Court, such as Irvin

*v Amerada Hess Corp.* (191 AD2d 478), *Torres v City of New York* (177 AD2d 97, *cert denied* 507 US 986), and *Stuto v Coastal Dry Dock & Repair Corp.* (153 AD2d 937), indicate that causes of action pursuant to Labor Law § 200 (1) and § 241 (6) are preempted by Federal maritime law, they are not to be followed.

The parties' remaining contentions are without merit. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.