■ DIMITRIOS RIGOPOULOS et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. [653 NYS2d 667] —In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of a judgment of the Court of Claims (Silverman, J.), dated June 8, 1995, as limits the award to Dimitrios Rigopoulos to the principal sum of $80,023.08 and the award to Victoria Rigopoulos to the principal sum of $5,000. The defendant cross-appeals, as limited by its brief, from so much of the judgment as is in favor of the claimants on the issue of liability. The defendant's notice of cross appeal from an order of the same court entered January 21, 1994, which denied the defendant's motion to dismiss the claim for lack of subject matter jurisdiction and granted the claimants' cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and from the interlocutory judgment dated February 4, 1994, entered upon the order, is deemed a premature notice of cross appeal from the judgment (see, CPLR 5520 [c]). Presiding Justice Mangano has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, the interlocutory judgment and order are vacated, the defendant's motion to dismiss so much of the claim as is based on Labor Law § 240 (1) is granted, and the claimants' cross motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that the claim is remitted to the Court of Claims for a de novo determination of the issues of liability pursuant to Labor Law § 200 (1) and § 241 (6); and it is further,

Ordered that in the event that the Court of Claims finds the defendant to be liable, the damages award shall be reinstated; and it is further,

Ordered that any award of costs shall abide the event of the new trial.

The claimant Dimitrios Rigopoulos (hereinafter Rigopoulos) was employed by an independent contractor hired by the defendant to sandblast and paint the underside of the Robert Moses Causeway Bridge over the Great South Bay in Suffolk County. The work was performed from a floating barge provided by the contractor which was tied to the piers of the bridge. Rigopoulos used a stepladder which rested on the barge while he was painting the bridge. He fell as he descended the ladder and landed on the barge.

The defendant moved for summary judgment dismissing the claim on the ground that the claim, which was based on allega-

tions of violations of the Labor Law, was preempted by the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.),* and the claimants cross-moved for summary judgment on the issue of liability under Labor Law § 240 (1). The court denied the defendant's motion and granted the claimants partial summary judgment on the issue of liability under Labor Law § 240 (1) *(see, Rigopoulos v State of New York,* 159 Misc 2d 1109).

After a trial on damages, the court awarded Rigopoulos the principal sum of $80,023.08 and awarded his wife the principal sum of $5,000 on her derivative claim.

We agree with the defendant that so much of the claim as was based on Labor Law § 240 (1) should have been dismissed. The accident occurred on navigable waters, and the work performed by Rigopoulos, that is, repairing a bridge from a floating barge, constituted traditional maritime activity. Thus, the issue of liability is governed by the principles of Federal maritime law *(see, Tompkins v Port of N. Y. Auth.,* 217 AD2d 269, 272; *Torres v City of New York,* 177 AD2d 97, *cert denied* 507 US 986; *see also, Hotchkiss v State of New York,* 228 AD2d 413). Under Federal maritime law, the defendant may be held liable to the claimant only upon proof of actual negligence. Therefore, Labor Law § 240 (1), which imposes strict liability for its breach, may not serve as the basis for tort liability here *(see, Tompkins v Port of N. Y. Auth., supra; Torres v City of New York, supra; Stuto v Coastal Dry Dock & Repair Corp.,* 153 AD2d 937). However, Labor Law § 200 (1) and § 241 (6) do not impose strict liability for their breach *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Monroe v City of New York,* 67 AD2d 89), and therefore are not preempted by Federal maritime law *(see, Eriksen v Long Is. Light. Co.,* 236 AD2d 439 [decided herewith]).

Since Rigopoulos's affidavit, the attached documents, and the trial and deposition transcripts indicate that the defendant was actively involved in the supervision of the project, the court properly denied the defendant's motion for summary judgment with respect to the claims under Labor Law § 200 (1) and § 241 (6).

With respect to the issue of damages, it is well settled that the determination of a fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially where the findings of fact rest in large measure on considerations relating to the credibility of wit-

nesses *(see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495; *Great Neck Obstetrics & Gynecology v Bellucci,* 218 AD2d 782; *Matter of Kaplan v Werlin,* 215 AD2d 387). The record supports the trial court's determination as to the extent of Rigopoulos's injuries and the period of time during which he was unable to work.

The amounts awarded as damages to Rigopoulos and his wife do not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). Mangano, P. J., O'Brien, Copertino and Pizzuto, JJ. concur.