■ BENJAMIN DEVELOPMENT COMPANY, INC., et al., Appellants, v MARLIN ENTERPRISES, INC., et al., Respondents. [672 NYS2d 103] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 17, 1997, which granted defendants' motion pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs and defendants were both plaintiffs and defendants in two Federal actions arising from the purchase by Asplundh Tree Expert Company of stock in Vanguard Meter Services, a water meter company of which plaintiffs, defendants and one Robert E. Bates were shareholders. In November 1995, the parties entered into a stipulation settling the Federal actions in which plaintiffs alone agreed to pay Asplundh a total of $3,250,000 in periodic payments with the last payment due on or before November 22, 1998. Each settling defendant, including the parties here, specifically reserved "all rights" as against

Bates, a non-settling party, York, Neel & Company, which allegedly prepared Vanguard's false financial statements, and each other.

Plaintiffs now seek contribution from defendants on the ground that they paid more than their fair share of the common liability upon which they and the defendants are equally liable. Plaintiffs allege that although defendants participated in the settlement negotiations and executed the final settlement agreement, they refused to pay any part of the $3.25 million "common obligation of the Settling Parties". Rather, plaintiffs allege, the agreement provided that they could seek contribution from the defendants.

Unfortunately for plaintiffs and contrary to the foregoing allegations, there is no mention in the stipulation of settlement of any "common obligation" or any right to contribution.

Thus, inasmuch as the Federal actions were settled prior to any determination of liability, absent any apportionment of liability in the stipulation of settlement or agreement by defendants to contribute to the amount paid to Asplundh, plaintiffs make no showing of defendants' breach of duty to Asplundh, the plaintiff in the Federal action (*see, Raquet v Braun*, 90 NY2d 177, 182-183), and cannot demonstrate that the amount they are to pay under the settlement agreement is more than their proportionate share of liability (*cf., Baca v HRH Constr. Corp.*, 200 AD2d 538, *lv denied* 84 NY2d 807). Indeed, plaintiffs concede that the parties' respective fault, if any, vis-à-vis Asplundh cannot and obviously will never be apportioned. Nor would plaintiffs be entitled, as settling tortfeasors, to contribution pursuant to General Obligations Law § 15-108 (*see, Gonzales v Armac Indus.*, 81 NY2d 1, 5-7).

Under these circumstances, plaintiffs' reservation of rights against defendants is meaningless. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.