■ LINDA KILFOIL, as Mother and Natural Guardian of PETER KILFOIL, JR., an Infant, et al., Respondents, v JOHN ULLRICH, JR., et al., Defendants, and DICKERSON'S MARINE, INC., et

al., Appellants. [680 NYS2d 627] —In an action to recover damages for personal injuries based on negligence and strict products liability, etc., (1) the defendant Dickerson's Marine, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 2, 1997, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant Molded Fiber Glass Companies d/b/a Molded Fiber Glass Boat Company f/k/a Molded Fiber Glass Companies, Inc., f/k/a Morrison Industries, Inc. separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs suffered physical injuries when the boat on which they were guests was struck by an oncoming boat. They commenced this action against, among others, the defendant Molded Fiber Glass Companies (hereinafter MFG), the manufacturer of the oncoming boat, and the defendant Dickerson's Marine, Inc. (hereinafter Dickerson's), which had made certain repairs and modifications to the oncoming boat before the accident. Both MFG and Dickerson's moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motions, finding the existence of issues of fact. We agree with the Supreme Court's conclusion that there are questions of fact as to whether the accident was caused by the defective design of the oncoming boat and/or subsequent modifications made to that boat, or by the temporary blindness of the operator of the oncoming boat, which was caused by the sun. Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.