[714 NYS2d 737]

LINDA KILFOIL, Individually and as Mother and Natural Guardian of PETER KILFOIL, JR., an Infant, et al., Appellants, v JOHN ULLRICH, JR., et al., Defendants, and MOLDED FIBER GLASS COMPANIES, Doing Business as MOLDED FIBER GLASS BOAT Co., Formerly Known as MOLDED FIBER GLASS COMPANIES, and Another, Respondent.

Second Department, October 23, 2000

## APPEARANCES OF COUNSEL

*Gallagher Gosseen Faller Kaplan & Crowley*, Garden City (*Michael J. Crowley*, *Robert A. Faller* and *Brian P. Morrissey* of counsel), for appellants.

*Mulholland, Minion & Roe*, Williston Park (*Brian R. Davey* and *Thomas P. Murphy* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether the plaintiffs are entitled to a jury trial of their action to recover damages for personal injuries arising out of a boat collision occurring in navigable waters and therefore governed by Federal maritime law. This question is, for the most part, an issue of first impression in this State (*but see, Public Adm'r v Gibson & Cushman,* 162 AD2d 401, *cert denied* 500 US 925). We find that the plaintiffs are entitled to a jury trial.

On August 10, 1991, the plaintiffs sustained physical injuries when the boat in which they were guests was struck by an oncoming boat owned by John Ullrich, Jr. The accident occurred in Hashamomuck Pond in Southold, New York. The plaintiffs' complaint, which was served in 1991, on its face, sounds in negligence and products liability, but also asserts that Ullrich's boat "interfere[d] with the free and proper use of the navigable waters."

The question of the applicability of maritime law was first raised in a proceeding brought by the defendant John Ullrich, Jr. That proceeding was brought in the United States District Court for the Eastern District of New York to limit Ullrich's liability pursuant to 46 USC, Appendix § 183. In 1992, that court (Wexler, J.) found that it had jurisdiction because the accident occurred in navigable waters. After a nonjury trial, Judge Wexler dismissed Ullrich's petition on the merits.

On January 27, 1997, the plaintiffs filed a note of issue and jury demand. After the plaintiffs' note of issue and jury demand was filed, certain defendants moved for summary judgment.

The Supreme Court, in denying the motions for summary judgment, held that the "instant action is governed by the federal maritime law," but further held that "[t]he application of New York law would compel no different result." This Court affirmed (*see, Kilfoil v Ullrich,* 255 AD2d 493).

By letter dated July 13, 1999, to the Supreme Court, the defendant Molded Fiber Glass Companies (hereinafter MFG) argued that "the matter sounds in admiralty, therefore, the plaintiff is not entitled to a trial by jury." The Ullrich defendants joined in that application. The plaintiffs submitted a letter dated July 21, 1999, stating, *inter alia,* that the case should not be "pigeonhole[d]" into a claim of " 'unseaworthiness.' " The Supreme Court granted the application, on the ground that "federal maritime law" did not grant the plaintiffs a trial by jury. Upon reargument, the court adhered to that determination.

In *Fitzgerald v United States Lines Co.* (374 US 16), the United States Supreme Court noted that, traditionally, there is no right to a jury trial for admiralty claims in the absence of a statute providing for a jury trial. The Court further noted that there is no constitutional right to a *nonjury trial* in maritime cases either.

There are two types of maritime actions: in rem and in personam. The Federal courts have exclusive jurisdiction of in rem maritime actions (*see, Knapp, Stout & Co. v McCaffrey,* 177 US 638, 641-642; *Baird v Daly,* 57 NY 236). Pursuant to the "saving-to-suitors" clause (28 USC § 1333), in personam actions may be tried as ordinary civil actions in State court or in Federal court under nonadmiralty rules (*see, Panama R. R. Co. v Vasquez,* 271 US 557; *Matter of Great Lakes Dredge & Dock Co.,* 895 F Supp 604, 609).

28 USC § 1333 provides, in pertinent part:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

This provision preserves the rights of persons to seek common-law remedies for wrongs which fall within Federal admiralty law.

The "saving-to-suitors" clause permits a plaintiff in a Federal action to choose to proceed either under admiralty rules or under general civil rules, if both admiralty jurisdiction and

Federal jurisdiction unrelated to admiralty exists (*see, Atlantic & Gulf Stevedores v Ellerman Lines,* 369 US 355, 359-360; *Romero v International Term. Operating Co.,* 358 US 354). If a plaintiff brings a suit involving a maritime claim in Federal court by ordinary civil action, based upon a jurisdictional basis independent of Federal admiralty jurisdiction (generally diversity of citizenship) the plaintiff is entitled to a jury trial (*see, Matter of Great Lakes Dredge & Dock Co., supra,* at 612; *Sphere Drake Ins. v J. Shree Corp.,* 184 FRD 258, 261, n 5). It has been held in other jurisdictions that if the plaintiff proceeds in State court, there is no bar to a jury trial (*see, Maxwell v Olsen,* 468 P2d 48 [Alaska]; *Hebert v Diamond M. Co.,* 367 So 2d 1210 [La]) unless State law provides the bar (*see, Parker v Rowan Cos.,* 599 So 2d 296 [La], *cert denied* 506 US 871).

In *Ghotra v Bandila Shipping* (113 F3d 1050, 1054-1055, *cert denied* 522 US 1107), the United States Court of Appeals for the Ninth Circuit held: "[A] plaintiff with in personam maritime claims has three choices: He [or she] may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court. The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court."

If the action includes claims brought under the admiralty jurisdiction of the Federal courts, there is a split of authority as to whether those claims must be tried before the court, and the remaining claims tried before the jury (*see, Ghotra v Bandila Shipping, supra,* at 1056; *Chisholm v UHP Projects,* 30 F Supp 2d 928, *affd* 205 F3d 731 [no right to a jury trial, where sole cause of action sounds in admiralty law]). The United States District Court for the Southern District of New York has held that admiralty claims, such as a limitation proceeding pursuant to 46 USC, Appendix § 183, must be tried by the court separately, and the remaining claims tried before a jury (*see, Matter of Great Lakes Dredge & Dock Co., supra,* at 614).

In *Matter of Great Lakes Dredge & Dock Co. (supra),* in personam claims were joined with a limitation proceeding. The limitation proceeding was tried separately by the court. In the instant case, Ullrich's limitation proceeding has already been heard separately, in Federal court, without a jury.

In 1966, the Federal Rules of Civil Procedure was amended to provide for unified rules for admiralty and nonadmiralty

cases (*see, Farrell Lines v Ceres Terms.*, 161 F3d 115). After 1966, rule 9 (h) of the Federal Rules of Civil Procedure provided that if a pleading set forth a claim that was within the Federal court's admiralty and maritime jurisdiction, but was also within the jurisdiction of the district court on some other ground, not related to admiralty (*see, Romero v International Term. Operating Co., supra*), the claimant "may" include in his or her pleading a statement identifying the claim as an admiralty or maritime claim. Such a designation constitutes an election to proceed under the court's admiralty jurisdiction *without a jury* (*see, Wilmington Trust v United States Dist. Ct.*, 934 F2d 1026, *cert denied* 503 US 966). The majority Federal rule is that if the plaintiff designates the action as an admiralty action pursuant to rule 9 (h) of the Federal Rules of Civil Procedure, that characterization governs the entire action (*see, Norwalk Cove Marina v S/V Odysseus*, 100 F Supp 2d 113).

MFG claims in its brief that the plaintiffs have, in effect, designated their action as an admiralty action pursuant to rule 9 (h) of Federal Rules of Civil Procedure, by asserting in settlement negotiations that Federal maritime law should be applied with respect to comparative negligence and apportionment of fault. We disagree. The election prescribed by rule 9 (h) of the Federal Rules of Civil Procedure is applicable only in Federal court (*see, Matter of Vigo S. S. Corp. [Marship Corp.]*, 26 NY2d 157, *cert denied* 400 US 819). There is no similar provision under New York State law (*cf., Pittman v Port Allen Mar. Servs.*, 794 F Supp 593). In any case, no election was made in the pleadings.

In a New York case which discusses the right to a jury trial in a case governed by maritime law, *Public Adm'r v Gibson & Cushman* (162 AD2d 401, 402, *cert denied* 500 US 925, *supra*), the plaintiff sued in State court to recover damages under the Jones Act (46 USC, Appendix § 688) and for unseaworthiness. Under Federal law, a Jones Act claim must be tried before a jury (*see, Fitzgerald v United States Lines Co., supra*). The Appellate Division, First Department, affirmed an order which (1) dismissed the Jones Act claim as time barred, and (2) struck the plaintiff's jury demand for the "remaining maritime cause of action, based upon a claim of unseaworthiness" (*Public Adm'r v Gibson & Cushman, supra*, at 402). In so doing, the First Department cited *Mahramas v American Export Isbrandtsen Lines* (475 F2d 165, 172).

*Mahramas v American Export Isbrandtsen Lines* (*supra*, at 172) held that in an admiralty case where there was "no real

Jones Act claim * * * the trial court could, as it did, properly take for itself the determination of the remaining admiralty issues. If the rule were otherwise, any plaintiff could receive a jury trial on his admiralty claims simply by alleging a Jones Act count." The Jones Act, which applies to seamen injured in the course of their employment, is not in issue in the instant case.

The plaintiffs claim that under *Public Adm'r v Gibson & Cushman (supra)* they are entitled to a jury trial, because, although they do not assert a claim under the Jones Act, they assert viable claims under State common law which warrant a jury trial. MFG counters that Federal maritime law nevertheless applies, and therefore the plaintiffs are not entitled to a jury trial.

The same *substantive* law applies regardless of the forum, so maritime law can be applied to actions tried in common-law courts before a jury (*see, Offshore Logistics v Tallentire*, 477 US 207, 222; *Ghotra v Bandila Shipping, supra,* at 1055). Where an accident occurs in navigable waters and involves maritime activity, Federal maritime law generally applies, but State law may supplement maritime law where maritime law is silent, or where a local matter is in issue (*see, Eriksen v Long Is. Light. Co.,* 236 AD2d 439; *Torres v City of New York,* 177 AD2d 97, *cert denied* 507 US 986).

Procedural rules generally are determined by the law of the forum (*see, American Dredging Co. v Miller,* 510 US 443). However, "[a] State court may not limit a party's substantive rights by applying its own procedural rules if those rules would 'significantly affect the result of the litigation, i.e., would be outcome determinative' " (*Lerner v Karageorgis Lines,* 66 NY2d 479, 485, quoting *Matter of A/S J. Ludwig Mowinckels Rederi [Dow Chem. Co.],* 25 NY2d 576, 581, *cert denied* 398 US 939; *O'Hara v Bayliner,* 89 NY2d 636, *cert denied* 522 US 822). A maritime rule of law which affects a substantive right of recovery must be applied (*see, American Dredging Co. v Miller, supra,* at 454).

Federal maritime law provides that where some defendants settle and others do not, the nonsettling defendants' liability should be calculated with reference to the jury's allocation of proportionate responsibility, without regard to the amount of the settlement (*see, McDermott, Inc. v AmClyde,* 511 US 202). This rule is in stark contrast to New York law, which provides that when a defendant settles, the plaintiff's claim against the nonsettling defendants is reduced by the amount of the settlement or the settling defendant's equitable share of the dam-

ages, whichever is greater (*see*, General Obligations Law § 15-108; CPLR art 16). MFG's primary concern is that the jury's application of the Federal rule could provide a double recovery. However, that issue is not before us at this time and we decline to reach it.

The issue before us now is whether the plaintiffs are entitled to a jury trial. Since their action is for a judgment for a sum of money only (*see*, CPLR 4101 [1]), they are entitled to a jury trial under State law (*see, Reubens v Joel,* 13 NY 488). There is no basis in Federal maritime law which would preclude them from receiving a jury trial (*see, Fitzgerald v United States Lines Co., supra; Ghotra v Bandila Shipping, supra,* at 1054; *Matter of Great Lakes Dredge & Dock Co., supra*).

Accordingly, the amended order dated January 14, 2000 is reversed insofar as appealed from, with costs, the order dated September 13, 1999 is vacated, MFG's application to strike the plaintiffs' jury demand is denied, and the jury demand is reinstated.

O'BRIEN, J. P., ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the amended order dated January 14, 2000 is reversed insofar as appealed from, with costs, the order dated September 13, 1999 is vacated, the respondent's application to strike the plaintiffs' jury demand is denied, and the jury demand is reinstated.