OPINION OF THE COURT
Lucy Billings, J.
I. Background
*423 Plaintiffs have sued defendants for pain and suffering caused by defendants’ ownership and negligent operation of their motor vehicles on March 30, 1999, leading to a collision with plaintiffs’ vehicle in which plaintiff Kinga Sniadach was a passenger. (Insurance Law § 5102 [d].) On June 5, 2001, during the trial against defendant Gonzales before a jury, plaintiffs settled their action against Gonzales for $10,000. Defendants Peralta and Hassan never answered the complaint and hence defaulted.
After settlement of the trial against Gonzales, and after notice to the defaulting defendants, the court held an inquest on plaintiffs’ claims against these defendants, at which they further failed to appear. At the inquest, the court found that, as a consequence of the collision, plaintiff Kinga Sniadach suffered past pain and restrictions on her normal activities in the amount of $10,000. None of the medical evidence established ongoing injury. Plaintiff Waldemar Sniadach established no compensable loss of services proximately caused by the collision.
II. The Defaulting Defendants’ Share of the Award
While this situation may be common, an unresolved issue is whether plaintiffs’ settlement with defendant Gonzales, on the record in open court, terminating the action against him, entitles the defaulting defendants to a setoff against the compensation awarded. (Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 336 [1993]; Williams v Niske, 81 NY2d 437, 439 [1993].) In a personal injury action involving multiple defendants, where one settles and the action proceeds to a judgment against others, the nonsettling defendants are entitled to a reduction that is the greater of (1) the settling defendant’s equitable share of the damages awarded, (2) the stipulated amount of the settlement, or (3) the amount actually paid by the settling defendant. (General Obligations Law § 15-108 [a]; Whalen v Kawasaki Motors Corp., 92 NY2d 288, 292 [1998]; Didner v Keene Corp., 82 NY2d 342, 351 [1993]; Kilfoil v Ullrich, 275 AD2d 53, 58-59 [2d Dept 2000].) This rule encourages settlement, yet assures that plaintiffs are fairly compensated by the nonsettling defendants and, where their share of plaintiffs’ loss is less than 100%; that the nonsettling defendants bear no more than their share, and plaintiffs are not compensated for more than their loss. (Whalen v Kawasaki Motors Corp., 92 NY2d at 292, 295; Didner v Keene Corp., 82 NY2d at 352-353.)
Where the settling defendant bears a share of the total damages assessed by the trier of fact, but the settlement is below *424 that equitable share, the nonsettling defendants pay only their equitable share. If the settlement is above the settling defendant’s share, the nonsettling defendants pay only the difference between the settlement and the total damages assessed. (Williams v Niske, 81 NY2d at 440, 443.) Thus, if the settlement equals or exceeds the total damages, the nonsettling defendants pay nothing.
Here, the default judgment against defendants Peralta and Hassan foreclosed any determination that their equitable share of fault was less than 100% and thus foreclosed that prong of General Obligations Law § 15-108 (a). (Whalen v Kawasaki Motors Corp., 92 NY2d at 292.) Defendants against whom liability has been conclusively established may not present evidence, of their degree of fault or claim less than full liability. (Rokina Opt. Co. v Camera King, 63 NY2d 728, 731 [1984].) Nor may they maintain an action for contribution against Gonzales, even if they were to obtain a vacatur of the default judgment. (General Obligations Law § 15-108 [b]; Williams v Niske, 81 NY2d at 443; Gonzales v Armac Indus., 81 NY2d 1, 5 [1993]; Becarie v Union Bank of Switzerland, 272 AD2d 162 [1st Dept 2000].)
The question is whether, even if Gonzales may be zero percent liable, one of the other setoffs, the stipulated amount of the settlement or Gonzales’s actual payment, still applies. (Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d at 340-341.) Although Peralta and Hassan are 100% responsible by default, the settlement between plaintiffs and Gonzales may be considered an approximate, intuitive assessment by the parties of Gonzales’s share of fault and damages. (Whalen v Kawasaki Motors Corp., 92 NY2d at 296.) The default judgment precludes the factfinder’s comparison of culpability between Gonzales and the owner and operator of the second vehicle, but the settlement between Gonzales and plaintiffs does provide an arm’s length estimate of his fair share of damages.
Had Peralta and Hassan not defaulted, the settlement amount of $10,000, representing the best available measure of Gonzales’s share, would be subtracted from the $10,000 in damages assessed to arrive at a net award of $0 against the remaining defendants, provided they raised this setoff as a defense. (General Obligations Law § 15-108 [a]; Whalen v Kawasaki Motors Corp., 92 NY2d at 294-295.) Even though it may produce a windfall to these defendants, that result protects against plaintiffs’ double recovery. (Whalen v Kawasaki Motors Corp., 92 NY2d at 292; Didner v Keene Corp., 82 NY2d at 352; Williams v Niske, 81 NY2d at 443.)
*425 Where the nonsettling defendants have defaulted, however, the windfall rightfully belongs to plaintiffs. While the court at an inquest on damages may consider evidence regarding a set-off, the particular setoff under General Obligations Law § 15-108 (a) is unavailable to defaulting defendants. First, the setoffs that may be considered at an inquest as reductions of plaintiffs’ damages are limited to credits or other circumstances intrinsic to plaintiffs’ claim. (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]; Rokina Opt. Co. v Camera King, 63 NY2d at 730-731; Hussein v Ratcher, 272 AD2d 446, 447.) The setoff under General Obligations Law § 15-108 (a) is an affirmative defense of payment that assumes the essential elements of plaintiffs’ claim and depends instead on subsequent, distinct facts that qualify or defeat it. This defense therefore must be pleaded, even at the late date of another defendant’s settlement, for tortfeasors to obtain the statute’s protection. (CPLR 3018 [b]; Whalen v Kawasaki Motors Corp., 92 NY2d at 293; Hill v St. Clare’s Hosp., 67 NY2d 72, 83-84 [1986].) In addition, the burden to present that evidence rests with nonsettling defendants. (Id. at 83.) Section 15-108 (a)’s benefits thus do not inure to defendants due solely to the settlement, even if it produces a recovery for plaintiffs exceeding their damages. (Ward v City of Schenectady, 204 AD2d 779, 780 [3d Dept 1994].)
Here, moreover, plaintiffs settled with Gonzales knowing that the other defendants had not answered and therefore could not plead application of General Obligations Law § 15-108 (a). If it now were applied, plaintiffs would suffer prejudice. (See Whalen v Kawasaki Motors Corp., 92 NY2d at 293; Washington v State of New York, 188 Misc 2d 155, 156 [Ct Cl 2001].) Gonzales, too, has relinquished his right to contribution from the other defendants. (General Obligations Law § 15-108 [c]; Gonzales v Armac Indus., 81 NY2d at 5, 7; Benjamin Dev. Co. v Marlin Enters., 249 AD2d 183, 184 [1st Dept 1998]; Bradt v Lustig, 280 AD2d 739, 740 [3d Dept 2001].) In the final analysis, if $10,000 represents the best available measure of Gonzales’s share, yet Peralta and Hassan are 100% liable, or even if they were 50% liable, their fair share is at least $10,000 as well.
III. Conclusion
As a result of the nonsettling defendants’ default, plaintiffs’ settlement with the nondefaulting defendant is not counted toward the award in favor of plaintiff Kinga Sniadach against defaulting defendants Peralta and Hassan. Plaintiffs may recover $10,000 twice.
*426 Therefore the court severs the action against defendants Peralta and Hassan and awards a judgment in favor of plaintiff Kinga Sniadach against these defendants for $10,000 in past damages. (CPLR 3215 [a]; Holt v Holt, 262 AD2d 530 [2d Dept 1999].) Peralta, the operator of Hassan’s vehicle, and Hassan are jointly and severally liable. (Vehicle and Trafffic Law § 388 [1].) Interest on the damages is calculated from May 10, 2000, when the court determined these defendants’ liability by granting plaintiffs a default judgment against Peralta and Hassan. (CPLR 5002; Rohring v City of Niagara Falls, 84 NY2d 60, 68, 70 [1994]; Love v State of New York, 78 NY2d 540, 543-545 [1991]; Jenkins v Meredith Ave. Assoc., 238 AD2d 477, 479 [2d Dept 1997].) The court awards nothing on plaintiff Waldemar Sniadach’s derivative claim.
[Portions of opinion omitted for purposes of publication.]