Universe Antiques Inc. v Gralla (2019 NY Slip Op 00384)





Universe Antiques Inc. v Gralla


2019 NY Slip Op 00384


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8157 601008/10

[*1]Universe Antiques Inc., et al., Plaintiffs-Appellants-Respondents,
v
Joan M. Gralla, Defendant-Respondent-Appellant.


Fischman & Fischman, New York (Doreen J. Fischman of counsel), for appellants-respondents.
Jeremy Gutman, New York, for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 11, 2016, which, after a nonjury trial on damages, awarded plaintiffs damages jointly and severally, and directed the entry of judgment against defendant in the principal amount of $125,000, without prejudgment interest, unanimously modified, to direct the entry of judgment against defendant in the principal amount of $225,000, and otherwise affirmed, without costs.
In a decision in a prior action between the parties, Justice Jane Solomon found that defendant had wired $100,000 to Alexander, the original owner of the sculpture, on February 18, 2005 to facilitate a contract between Doyle, her boyfriend, and Alexander. That decision was not appealed. Consequently, Supreme Court was barred by res judicata from finding that defendant did not benefit from those funds. Therefore, Supreme Court's decision that it would be inequitable to award plaintiffs the $100,000 that defendant paid to Alexander cannot be reached under a fair interpretation of the evidence (Rigopoulos v State of New York, 236 AD2d 459, 460 [2d Dept 1997]; see also Watts v State of New York, 25 AD3d 324 [1st Dept 2006]; Warm v State of New York, 308 AD2d 534, 536 [2d Dept 2003]). However, the court did not improvidently exercise its discretion in declining to award plaintiffs prejudgment interest (see CPLR 5001[a]; John Hancock Life Ins. Co. of N.Y. v Hirsch, 77 AD3d 710, 711 [2d Dept 2010]; Margo Props. v Nelson, 99 AD2d 1029, 1030 [1st Dept 1984]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK